[938 NE2d 910, 912 NYS2d 477]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL SYVILLE, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY COUNCIL, Appellant.

Argued September 14, 2010; decided October 14, 2010

**POINTS OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Abigail Ever-ett* and *Robert S. Dean* of counsel), for appellant in the first

above-entitled action. The Appellate Division erred when it denied appellant's coram nobis petition despite conceded facts showing, as a matter of law, that defense counsel's failure to file a timely notice of appeal fell below constitutional standards. (*Evitts v Lucey*, 469 US 387; *People v Bachert*, 69 NY2d 593; *Penson v Ohio*, 488 US 75; *People v O'Bryan*, 26 NY2d 95; *People v Montgomery*, 24 NY2d 130; *People v West*, 100 NY2d 23; *Roe v Flores-Ortega*, 528 US 470; *Restrepo v Kelly*, 178 F3d 634; *Castellanos v United States*, 26 F3d 717; *Strickland v Washington*, 466 US 668.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Alan Gadlin* and *Patrick J. Hynes* of counsel), for respondent in the first above-entitled action. Under the unusual circumstances of this case, coram nobis relief should be available to defendant so that he can file a late notice of appeal. (*Roe v Flores-Ortega*, 528 US 470; *Evitts v Lucey*, 469 US 387; *People v Bachert*, 69 NY2d 593; *People v West*, 100 NY2d 23; *People v Montgomery*, 24 NY2d 130; *People v O'Bryan*, 26 NY2d 95; *Rodriquez v United States*, 395 US 327; *Canales v Roe*, 151 F3d 1226; *People v Torres*, 179 AD2d 358; *People v Harris*, 79 NY2d 909.)

*Law Offices of Joel B. Rudin*, New York City (*Benjamin C. Fishman* and *Joel B. Rudin* of counsel), for appellant in the second above-entitled action. The Appellate Division erred in denying coram nobis relief, to which the People consented, for ineffective assistance of appellate counsel, based upon appellant's undisputed showing that his trial attorney promised, but failed, to file a notice of appeal, and then compounded his negligence by failing to move for an extension of time to file the notice under CPL 460.30. (*Penson v Ohio*, 488 US 75; *Evitts v Lucey*, 469 US 387; *Griffin v Illinois*, 351 US 12; *People v Bachert*, 69 NY2d 593; *People v Casiano*, 67 NY2d 906; *People v Gonzalez*, 47 NY2d 606; *Roe v Flores-Ortega*, 528 US 470; *Rodriquez v United States*, 395 US 327; *Peguero v United States*, 526 US 23; *People v O'Bryan*, 26 NY2d 95.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Alan Gadlin* and *Patrick J. Hynes* of counsel), for respondent in the second above-entitled action. The statutory requirement that defendant act with due diligence in moving to file a late notice of appeal is entirely consistent with due process, and a defendant cannot avoid the requirement by seeking relief pursuant to coram nobis. Accordingly, this proceeding should be remanded for the First Department to consider whether defendant acted

with due diligence in seeking relief from trial counsel's failure to file a notice of appeal. (*Roe v Flores-Ortega*, 528 US 470; *Evitts v Lucey*, 469 US 387; *People v Bachert*, 69 NY2d 593; *People v West*, 100 NY2d 23; *People v Montgomery*, 24 NY2d 130; *People v O'Bryan*, 26 NY2d 95; *Rodriquez v United States*, 395 US 327; *People v Lampkins*, 21 NY2d 138; *People v Corso*, 40 NY2d 578; *People v Callaway*, 24 NY2d 127.)

**OPINION OF THE COURT**

GRAFFEO, J.

CPL 460.30 permits the Appellate Division to excuse a defendant's failure to file a timely notice of appeal from a criminal conviction if the application is made within one year of the date the notice was due. In these cases, we are asked whether the coram nobis procedure is available to afford further relief to defendants who did not move within the one-year grace period because they were unaware during that year that their attorneys had not complied with their requests to file notices of appeal.

## *People v Nathaniel Syville*

Nathaniel Syville was tried three times for charges arising from a January 2001 drug transaction that culminated in a shooting incident involving multiple victims. The first trial ended in a mistrial when the jury deadlocked on all charges. At the second trial, Syville was convicted of criminal possession of a weapon in the second degree, acquitted of attempted murder relating to one victim and the jury hung on the remaining attempted murder and assault counts, resulting in a second mistrial as to those offenses. Syville was sentenced on the weapon possession conviction in November 2004 but execution of his sentence was stayed pending resolution of the remaining charges. The third trial again culminated in a mistrial in January 2006 and, the following month, the unresolved charges were dismissed when the People announced that they would not seek a fourth trial. Syville's attorney filed a notice of appeal relating to the November 2004 conviction in March 2006.

In July 2006, Syville filed a pro se motion for poor person status and other relief, at which time he discovered that the notice of appeal filed by his trial attorney had not been timely under CPL 460.10 (1) (a). That statute required that a notice of appeal be filed within 30 days of the November 2004 sentencing proceeding. CPL 460.30 permits a defendant to seek leave to file a late notice of appeal provided that the application is made

within one year of the date the notice should have been filed. In this case, however, the one-year grace period had already elapsed by the time Syville discovered his attorney's error. Once he learned of the untimely filing, Syville pursued several applications for relief under CPL 460.30 but those requests were denied by the Appellate Division.

Syville subsequently applied for a writ of error coram nobis in the Appellate Division, again seeking permission to file a late notice of appeal. The petition included affidavits from Syville and his former attorney stating that, upon being convicted of the weapon possession offense, Syville had requested that his attorney file a notice of appeal on his behalf. Indeed, the record reflects that Syville's counsel announced at the sentencing proceeding that he intended to file such a notice. In his affidavit, the attorney explained that he did not file a notice of appeal within 30 days of the November 2004 judgment of conviction under the mistaken belief that it would have been premature to file the notice of appeal while some of the charges remained pending. Furthermore, he had erroneously believed that when the sentencing court stayed the sentence, the 30-day period for filing a notice of appeal was also stayed. Syville contended that he had reasonably relied on his counsel's advice concerning the proper time for filing a notice of appeal and the failure to timely pursue an appeal was entirely a product of lawyer error.

In the coram nobis application, Syville argued that he should not be penalized for his attorney's mistake because he had not— and could not reasonably have—discovered the error within the one-year grace period, particularly since he continued to be represented by the same lawyer throughout the relevant time period. Contending that his attorney's lapse amounted to unconstitutional ineffective assistance of counsel, defendant claimed that it would offend the Due Process Clause to apply the one-year statutory time limit to preclude his pursuit of an appeal. The People consented to coram nobis relief. Noting these unusual circumstances, the People reasoned that Syville should be allowed to perfect his direct appeal in that his failure either to meet the 30-day filing deadline or request relief within the CPL 460.30 (1) one-year grace period stemmed solely from defense counsel's legal error. Notwithstanding the People's concession, the Appellate Division denied Syville's application for coram nobis relief. A Judge of this Court granted Syville leave to appeal (13 NY3d 911 [2009]).

*People v Tony Council*

After a jury convicted him of conspiracy in the second degree and two counts of criminal sale of a controlled substance in the first degree, Tony Council was sentenced in February 2007, thereby triggering the 30-day period for filing a notice of appeal. Council's trial attorney did not file a notice of appeal within 30 days of the judgment of conviction.

More than two years later, when Council retained a different lawyer to represent him on appeal, he filed a coram nobis application in the Appellate Division seeking leave to file a late notice of appeal and a reasonable extension of time to perfect the appeal. The application was supported by affidavits from Council, his mother, his trial attorney and his appellate lawyer. Those affidavits revealed that, at the time of his conviction, Council had asked his trial attorney to file a notice of appeal. In fact, Council maintained that his attorney demanded and received payment of $2,000 prior to filing the notice.[1] His trial attorney, who was not retained to perfect the appeal, averred that he had neglected to file the notice of appeal as a result of "law office failure."

Council remained unrepresented for the next two years. He asserted that he was distracted by health problems and that he had relied on his mother to raise the funds necessary to hire a lawyer to perfect the appeal. During this time, Council claimed that he periodically asked his mother to expedite her efforts out of concern that the time to file an appellate brief might expire. But it appears from the record that Council never contacted the Appellate Division to ascertain the deadline for perfecting his appeal nor pursued poor person relief or assignment of counsel in that court.

In the course of interviewing a prospective appellate attorney in January 2009, Council's mother discovered that trial counsel had not filed a notice of appeal. At this point in time, both the 30-day period for filing a timely notice of appeal and the CPL 460.30 one-year grace period had long since expired. Eventually, Council hired an appellate lawyer, who filed an application for coram nobis relief in April 2009. In response to that application and the affidavits detailed above, the People submitted a two-paragraph affirmation asserting that, given the trial attorney's

---

1. The record does not reveal whether this sum represented an unpaid balance relating to the trial representation or a fee associated solely with preparation and filing of the notice of appeal.

acknowledgment that defendant had timely requested that he file a notice of appeal and that his failure to do so was the result of law office failure, the People did not oppose Council's request for relief. Despite the People's lack of opposition, the Appellate Division denied Council coram nobis relief in a brief memorandum opinion, citing CPL 460.30. After Council's subsequent request for rehearing and reconsideration was denied, a Judge of this Court granted Council leave to appeal (13 NY3d 859 [2009]).

## Analysis

The primary issue on appeal is whether a defendant who discovers after the expiration of the CPL 460.30 grace period that a notice of appeal was not timely filed due to ineffective assistance of counsel has recourse through a coram nobis application. Recognizing that the Due Process Clause of the Federal Constitution requires that some avenue for relief be provided in such a circumstance, we conclude that coram nobis is the appropriate procedural course in New York.

We begin with the recognition that there is no federal constitutional mandate that requires states to grant criminal defendants an appeal as of right for review of trial errors (*Evitts v Lucey*, 469 US 387, 393 [1985]). Thus, "[t]he right to appeal is a statutory right that must be affirmatively exercised and timely asserted" (*People v West*, 100 NY2d 23, 26 [2003], *cert denied* 540 US 1019 [2003]). But that being said, where a state has granted a criminal defendant a direct appeal as of right (as does New York), it must "make that appeal more than a meaningless ritual" by affording a right to counsel on appeal (*Evitts* at 394 [internal quotation marks and citation omitted]). It follows that "[a] first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney" (*id.* at 396).

When defense counsel disregards a client's timely request to file a notice of appeal, the attorney "acts in a manner that is professionally unreasonable" (*Roe v Flores-Ortega*, 528 US 470, 477 [2000]). In such a situation, a defendant justifiably relies on the lawyer to carry out the purely ministerial task of taking the first step to preserve the right to appellate review (*id.*). When counsel's omission causes a defendant to lose the right to perfect or obtain merits consideration of an appeal, the deficient performance amounts to ineffective assistance of counsel in violation of the Due Process Clause (*see Evitts*, 469 US 387 [1985];

*see also Roe*, 528 US 470 [2000]). The Due Process Clause prohibits a defendant from being denied the right to appeal as a consequence of the violation of another constitutional right— the right to the effective assistance of counsel on direct appeal (*see Evitts*, 469 US at 400). Hence, to establish a constitutional violation in this context, a defendant need not identify potentially meritorious issues that would be raised on appeal; the defendant need only demonstrate that, as a result of counsel's deficient performance, appellate rights were extinguished (*Roe* at 484-485).

Based on this precedent, we conclude that a defendant must be provided with an opportunity to assert a claim that the right to appeal has been lost due solely to the unconstitutionally deficient performance of counsel in failing to file a timely notice of appeal. The question then becomes what procedural vehicle is available in New York for a defendant to raise this distinct type of ineffective assistance of counsel argument? To resolve this inquiry, we must review the historical use of the writ of error coram nobis, the impact of CPL 460.30 on the common-law writ and our precedent interpreting that statute.

Even before the United States Supreme Court articulated a constitutional right to effective assistance of counsel on direct appeal, this Court had recognized that a defendant whose right to appeal is lost through his attorney's deficient performance should have a remedy. Before CPL 460.30 was enacted in 1970, such a claim could be pursued by the filing of an application for a writ of error coram nobis (*see People v Callaway*, 24 NY2d 127 [1969]; *People v Montgomery*, 24 NY2d 130 [1969]). This type of application, known as a *Montgomery* claim, prompted a hearing in the trial court to determine whether the defendant had been reasonably induced to allow the time to take an appeal to expire by reason of an attorney's misrepresentation that defendant's appellate rights would be protected. A defendant who prevailed at the hearing was "resentenced" nunc pro tunc—a procedure that restarted the 30-day period for filing a notice of appeal— thereby permitting an appeal on the merits.

The *Montgomery* claim procedure was largely superceded when the Legislature adopted the modern Criminal Procedure Law in 1970. As we recognized in *People v Corso* (40 NY2d 578 [1976]), most of the grounds for coram nobis relief previously authorized under the common law were codified in CPL 440.10, a provision that does not encompass *Montgomery* relief. "CPL 440.10 is designed and delineates the grounds for vacating a

judgment of conviction while, on a *Montgomery* claim, the defendant essentially seeks an extension of time for taking an appeal" (*Corso* at 580). In limited circumstances, a modified form of *Montgomery* relief was authorized in CPL 460.30, which allows a defendant whose notice of appeal was not timely filed to apply to the Appellate Division to extend the time for pursuing an appeal. Such relief may be granted if

> "the failure to so file or make application in timely fashion resulted from (a) improper conduct of a public servant or improper conduct, death or disability of the defendant's attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken" (CPL 460.30 [1]).

The motion "must be made with due diligence after the time for the taking of such appeal has expired, *and in any case not more than one year thereafter*" (CPL 460.30 [1] [emphasis added]). CPL 460.30 eliminated the need for resentencing as a basis to extend the time for timely filing a notice of appeal, which is consistent with a provision elsewhere in the CPL that precludes a party from challenging the underlying conviction in an appeal from a resentencing (*see* CPL 450.30 [3], [4]).

In *Corso*, we noted that CPL 460.30 (1) contains a significant restriction as it imposes a one-year limit for the filing of a motion for leave to file a late notice of appeal. Characterizing the one-year period as jurisdictional in *People v Thomas* (47 NY2d 37 [1979]), we have previously identified only one exception to the general bar on seeking relief after the expiration of the statutory grace period. We have authorized an appeal despite noncompliance with the CPL 460.30 time limit when, through action or unjustifiable inaction by a prosecutor, defendant's diligent and good faith efforts to exercise his appellate rights within the one-year time frame were thwarted (*id.* at 43; *People v Johnson*, 69 NY2d 339 [1987]).

Today, consistent with the due process mandate, we recognize the need for a second exception. Where an attorney has failed to comply with a timely request for the filing of a notice of appeal and the defendant alleges that the omission could not reasonably have been discovered within the one-year period, the time limit imposed in CPL 460.30 should not categorically bar an appellate court from considering that defendant's application

to pursue an untimely appeal.[2] Turning to the procedure to be used in invoking the exception, we conclude that the common-law writ of error coram nobis affords the appropriate avenue for relief. Since the adoption of the CPL, we have acknowledged that the writ continues to be available to alleviate a constitutional wrong when a defendant has no other procedural recourse (*People v Bachert*, 69 NY2d 593 [1987]).

> "In its modern context a motion for a writ presupposes a violation of the defendant's constitutional rights not appearing on the record, no negligence which could be attributed to the defendant for failure to have brought the alleged error to the attention of the court at the time of the trial, and further, that the current proceeding is not a substitute for a new trial, appeal or other statutory remedy" (*id.* at 598 [internal quotation marks and citations omitted]).

Here, each defendant claims that his right to appeal was lost because his attorney failed to comply with the timely request to file a notice of appeal. These alleged constitutional errors do not appear on the trial record and defendants could not have brought these errors to the attention of the trial courts since the omissions did not occur until after the judgments of conviction. Furthermore, the coram nobis proceedings seek only the right to pursue an appeal—they are not a substitute for a new trial, appeal or other statutory remedy. As to the latter, the only statutory recourse appears in CPL 460.30—and that remedy is unavailable because the one-year time limit has expired.[3] Accordingly, a defendant seeking relief under the exception we

---

**2.** We expect that it will be the rare case where this exception must be utilized. As defendants here acknowledge, in most cases strict enforcement of the CPL 460.30 time limit is constitutionally permissible because attorneys usually accede to their clients' requests to file notices of appeal and, when they fail to do so, most defendants are in a position to discover the omission within the statutory grace period.

**3.** As we observed in *Corso*, CPL 440.10 provides no statutory avenue for relief for this category of ineffective assistance of counsel claims because it allows defendants to challenge the validity of judgments of conviction—not circumstances that occur post-conviction. If the relief a defendant is seeking is a direct appeal, that relief is not within the cadre of remedies a trial-level court may grant under CPL 440.10. That is not to say that CPL 440.10 is of no utility in this situation because a defendant might secure significant underlying relief in a CPL 440.10 motion. Although a CPL 440.10 motion cannot result in permission to file a late notice of appeal, a defendant can secure the same relief as could be achieved through a successful appeal if the challenge to the

recognize today may use a coram nobis application filed in the Appellate Division.

We now turn to the specific claims before us. The parties are in agreement that coram nobis provides the appropriate procedural avenue for relief for this category of ineffective assistance of counsel claims. But the People urge us to further hold that, consistent with the requirements of CPL 460.30, defendants who wish to invoke the exception should be required to show that they acted with due diligence to protect their appellate rights, along with demonstrating that they reasonably failed to discover within the one-year grace period that a notice of appeal had not been timely filed.[4] In essence, the People argue that a defendant should be required to establish that his attorney's omission was the cause of the delay in pursuing relief—in other words, that the delay was not a consequence of the defendant's unjustifiable failure to timely pursue an appeal. In these cases, the People contend that Syville has established due diligence as a matter of law and is entitled to coram nobis relief but that Council's application should be remitted to the Appellate Division because resolution of that due diligence inquiry would present a mixed question of law and fact.

■ Despite the importance of this issue, the People's due diligence argument is not properly before this Court for review. At the Appellate Division, the People neither asserted that such a standard should be employed nor opposed either defendant's request for coram nobis relief. And the People never suggested that the loss of appellate rights in these cases was attributable to anything other than deficient performance by trial counsel.

conviction fits within one of the permissible claims in CPL 440.10. A defendant is therefore barred from raising a claim in a CPL 440.10 proceeding that could have been raised on direct appeal only if there was an "unjustifiable failure" to raise the issue on direct appeal (see People v Cuadrado, 9 NY3d 362, 365 [2007]). If a defendant was prevented from pursuing his direct appeal solely due to his attorney's noncompliance with a request to file a notice of appeal, the failure to raise the issue in question on direct appeal would be justifiable (see e.g. People v Lard, 45 AD3d 1331 [4th Dept 2007]).

4. The People also urge that, in the absence of a due diligence requirement, a defendant would be free to turn his attorney's error into an undue appellate advantage by postponing the coram nobis application and subsequent perfection of the appeal, thereby detrimentally affecting the People's ability to retry the charges in the event of a reversal. For example, if a defendant learned of his attorney's error one month after the CPL 460.30 grace period had elapsed but then waited five years to seek coram nobis relief, the People maintain that the Appellate Division should have the discretion to deny the application if defendant failed to proffer a reasonable excuse for the delay.

As a consequence, we have no occasion to address whether a defendant in this circumstance may be denied relief based on a lack of due diligence in pursuing appellate rights.

In these appeals, the Appellate Division appears to have based its decisions denying relief exclusively on CPL 460.30, suggesting the court believed that the one-year statutory limit barred defendants from pursuing their appeals. Since we now reject that conclusion, and the People failed to preserve for review any other basis for denying relief, both defendants' coram nobis applications should be granted. We therefore remit each case to the Appellate Division so that defendants may pursue their direct appeals on the merits.

Accordingly, the orders of the Appellate Division should be reversed, defendants' coram nobis applications should be granted and the cases remitted to the Appellate Division for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

In each case: Order reversed, etc.