[17 NE3d 491, 993 NYS2d 236]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHUR-
CHILL ANDREWS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN
KRUGER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINOD
PATEL, Respondent.

Argued April 29, 2014; decided June 12, 2014

**POINTS OF COUNSEL**

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Lisa Napoli* of counsel), for appellant in the first above-entitled

action. Churchill Andrews's coram nobis petition should have been granted under *People v Syville* (15 NY3d 391 [2010]) because defense counsel failed to protect his right to appeal, correct the court's erroneous statement that he had waived that appeal, or explain the potential benefits of appealing the conviction that rendered him, a hardworking family man who been a lawful permanent resident of the United States for his entire adult life, mandatorily and permanently removable. (*Roe v Flores-Ortega*, 528 US 470; *People v Droz*, 39 NY2d 457; *People v Caban*, 5 NY3d 143; *People v White*, 56 NY2d 110; *People v Settles*, 46 NY2d 154; *Evitts v Lucey*, 469 US 387; *Penson v Ohio*, 488 US 75; *People v Pride*, 3 NY2d 545; *People v Crimmins*, 36 NY2d 230.)

*Kenneth P. Thompson, District Attorney*, Brooklyn (*Joyce Slevin, Leonard Joblove* and *Solomon Neubort* of counsel), for respondent in the first above-entitled action. I. The appeal should be dismissed because defendant has been deported. (*People v Diaz*, 7 NY3d 831; *People v Parmaklidis*, 38 NY2d 1005; *People v Del Rio*, 14 NY2d 165; *People v Ventura*, 17 NY3d 675.) II. Defendant has not preserved for appellate review his claim that he was denied effective assistance of counsel on the ground that counsel allegedly failed at sentencing to advise him that he would be deported if he did not appeal. Moreover, denial of defendant's coram nobis petition was proper because he failed to provide sworn allegations of fact to support any of his claims. In any event, all of defendant's claims are meritless. (*People v Syville*, 15 NY3d 391; *People v Ford*, 69 NY2d 775; *Mikulski v Battaglia*, 112 AD3d 1355; *Hoyte v Epstein*, 12 AD3d 487; *Santillo v Thompson*, 71 AD3d 1587; *Schissler v Athens Assoc.*, 19 AD3d 979; *People v Ozuna*, 7 NY3d 913; *People v Crimmins*, 38 NY2d 407; *People v Melton*, 35 NY2d 327; *People v Usher*, 172 AD2d 1075.)

*Ostrer & Hoovler, P.C.*, Chester (*Benjamin Ostrer* and *David A. Brodsky* of counsel), for appellant in the second above-entitled action. I. The Appellate Division erred by failing to consider the merits of appellant's petition for a writ of error coram nobis. (*Simon v Usher*, 17 NY3d 625; *People v Syville*, 15 NY3d 391; *People v Callaway*, 24 NY2d 127.) II. The Appellate Division should have considered the merits of appellant's petition for a writ of coram nobis under *People v Syville* (15 NY3d 391 [2010]) or an extension to it. (*Gideon v Wainwright*, 372 US 335; *Evitts v Lucey*, 469 US 387; *Cuyler v Sullivan*, 446 US 335; *Roe v Flores-Ortega*, 528 US 470; *Perez v Wainwright*, 640 F2d 596;

*Ross v Moffitt*, 417 US 600; *Wainwright v Torna*, 455 US 586; *Baldwin v Reese*, 541 US 27; *Picard v Connor*, 404 US 270.) III. The issue to be raised on appeal is meritorious since appellant's rights were violated when County Court coerced him to withdraw his plea without identifying grounds capable of review on appeal. (*People v Seaberg*, 74 NY2d 1; *People v Hidalgo*, 91 NY2d 733; *People v Selikoff*, 35 NY2d 227, 419 US 1122; *People v Danny G.*, 61 NY2d 169; *People v McConnell*, 49 NY2d 340; *Spence v Superintendent, Great Meadow Correctional Facility*, 219 F3d 162; *People v Hill*, 9 NY3d 189; *North Carolina v Alford*, 400 US 25; *People v Brown*, 14 NY3d 113; *People v Murray*, 15 NY3d 725.)

*Francis D. Phillips, II, District Attorney*, Middletown (*Andrew R. Kass* of counsel), for respondent in the second above-entitled action. I. The Appellate Division correctly denied defendant's application for a writ of error coram nobis that sought permission to file a late leave application. (*People v Syville*, 15 NY3d 391; *People v Kruger*, 104 AD3d 875; *Sumner v Mata*, 449 US 539; *People v West*, 100 NY2d 23; *Evitts v Lucey*, 469 US 387; *Williams v Oklahoma City*, 395 US 458; *Douglas v California*, 372 US 353; *Jones v Barnes*, 463 US 745; *People v Stultz*, 2 NY3d 277.) II. Defendant's remaining claims are not properly before the Court. (*People v Thomas*, 47 NY2d 37.)

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano, Johnnette Traill* and *John F. McGoldrick* of counsel), for appellant in the third above-entitled action. The Appellate Division erroneously granted coram nobis relief because (a) that procedure is not available where, as here, a defendant can obtain review of his claim under the CPL, and (b) even if further review were available, defendant's inconsistent allegations and failure to support his claims mandated denial. (*People v De Renzzio*, 14 NY2d 732; *People v Callaway*, 24 NY2d 127; *People v O'Bryan*, 26 NY2d 95; *People v Thomas*, 47 NY2d 37; *People v Corso*, 40 NY2d 578; *People v Syville*, 15 NY3d 391; *Evitts v Lucey*, 469 US 387; *Ross v Moffitt*, 417 US 600; *People v Evans*, 94 NY2d 499; *Matter of Dondi v Jones*, 40 NY2d 8.)

*Lynn W.L. Fahey, Appellate Advocates*, New York City, for respondent in the third above-entitled action. The Appellate Division had the power to grant respondent's coram nobis application regardless of its earlier denial of his timely but far more cursory pro se CPL 460.30 motion. (*People v Corso*, 40 NY2d 578; *People v Syville*, 15 NY3d 391; *People v Thomas*, 47 NY2d

37; *People v Ventura*, 17 NY3d 675; *People v Rivera*, 39 NY2d 519; *People v Pitts*, 6 NY2d 288; *People v Lassalle*, 20 NY3d 1024; *People v D'Alessandro*, 13 NY3d 216; *People v Turner*, 5 NY3d 476; *People v Ramsey*, 23 NY2d 656.)

## OPINION OF THE COURT

GRAFFEO, J.

In these three cases, we consider whether our decision in *People v Syville* (15 NY3d 391 [2010]) entitled defendants to a common-law writ of error coram nobis in order to pursue untimely appeals.

## I

The appellate process is a statutory creation in New York (*see e.g. People v Romero*, 7 NY3d 633, 636-637 [2006]; *People v West*, 100 NY2d 23, 26 [2003], *cert denied* 540 US 1019 [2003]). The review of a criminal conviction is authorized by article 450 of the Criminal Procedure Law. There is a right to a first-tier, direct appeal to an intermediate appellate court (*see* CPL 450.10 [1]), whereas secondary review is more commonly discretionary (*compare* CPL 450.90 *with* CPL 450.70 *and* CPL 450.80). An appeal is initiated by filing a notice of appeal, usually within 30 days after sentence is imposed (*see* CPL 460.10 [1] [a]).

Although there is no constitutional entitlement to an appeal (*see e.g. Halbert v Michigan*, 545 US 605, 610 [2005]; *McKane v Durston*, 153 US 684, 687 [1894]), it has long been recognized that a statutory right to a direct appeal triggers a guarantee of effective legal assistance (*see Evitts v Lucey*, 469 US 387, 393-394 [1985]; *Douglas v California*, 372 US 353, 357 [1963]). A lawyer who disregards a timely request to file a notice of appeal "acts in a manner that is professionally unreasonable" (*Roe v Flores-Ortega*, 528 US 470, 477 [2000]). A corresponding loss of appellate rights results in a deprivation of due process of law (*see Evitts*, 469 US at 396-397; *Roe*, 528 US at 477).

The procedure for raising such a claim has evolved over time. Historically, the ancient writ of "error coram nobis" was used by courts to correct errors for which no other avenue of judicial relief was apparent (*see e.g. People v Hairston*, 10 NY2d 92, 93-94 [1961]; *People v Bachert*, 69 NY2d 593, 598-600 [1987]). After the writ was resurrected in New York (*see Matter of Lyons v Goldstein*, 290 NY 19, 25 [1943]), it was enlarged to include claims premised on the loss of the right to an appeal caused by deficient legal performance (*see e.g. People v Montgomery*, 24

NY2d 130, 133-134 [1969]). This so-called *"Montgomery* claim," if meritorious, restarted the 30-day period to file a notice of appeal (*see id.*).

Most of the common-law, coram nobis types of relief were abrogated when the Criminal Procedure Law was enacted (*see People v Corso*, 40 NY2d 578, 580 [1976], citing CPL 440.10). A modified form of *Montgomery* relief was codified in CPL 460.30 to permit a defendant to seek permission to file a late notice of direct appeal in certain circumstances. The motion "must be made with due diligence after the time for the taking of such appeal has expired, and in any case not more than one year thereafter" (CPL 460.30 [1]). The one-year grace period is strictly enforced (*see People v Corso*, 40 NY2d at 581) "since the time limits within which appeals must be taken are jurisdictional in nature and courts lack inherent power to modify or extend them" (*People v Thomas*, 47 NY2d 37, 43 [1979]). But the enactment of the Criminal Procedure Law "did not expressly abolish the common-law writ of coram nobis or necessarily embrace all of its prior or unanticipated functions" (*People v Bachert*, 69 NY2d at 599). As a result, we have authorized a limited exception to the one-year rule if diligent and good faith efforts to comply with the requirement were deliberately thwarted by the People (*see People v Johnson*, 69 NY2d 339, 341-342 [1987]; *People v Thomas*, 47 NY2d at 43).

In *People v Syville* (15 NY3d 391 [2010]), we considered yet another situation—whether an exception was warranted for a defendant who does not invoke CPL 460.30 within the one-year time frame because defense counsel inexcusably failed to comply with a timely request to file a notice of appeal. We acknowledged that coram nobis was significantly restricted by the adoption of the Criminal Procedure Law, but that the ancient writ "continues to be available to alleviate a constitutional wrong when a defendant has no other procedural recourse" (*id.* at 400). Consistent with the demands of due process, *Syville* recognized that a criminal defendant must be allowed to assert that a right to appeal was extinguished "due solely to the unconstitutionally deficient performance of counsel in failing to file a timely notice of appeal" (*id.* at 398). Consequently, we concluded that "the time limit imposed in CPL 460.30 should not categorically bar an appellate court from considering [an] application to pursue an untimely appeal" (*id.* at 399-400) in a particular type of "rare case" (*id.* at 400 n 2) where:

"an attorney has failed to comply with a timely request for the filing of a notice of appeal and the defendant alleges that the omission could not reasonably have been discovered within the one-year period" (*id.* at 399).

When this occurs, the proper procedure is a coram nobis application to the Appellate Division (*see id.* at 400-401). Nevertheless, "in most cases strict enforcement of the CPL 460.30 time limit is constitutionally permissible because attorneys usually accede to their clients' requests to file notices of appeal and, when they fail to do so, most defendants are in a position to discover the omission within the statutory grace period" (*id.* at 400 n 2).

With this background in mind, we now turn to the facts of the three cases before us.

## II

*People v Vinod Patel*:

When defendant Vinod Patel pleaded guilty to possessing child pornography, he waived his right to appeal orally and in writing. Approximately 10 months after sentence was imposed—and within the one-year grace period provided by CPL 460.30—Patel sought permission to file a late notice of appeal. He asserted that his attorney failed to advise him about his right to pursue a direct appeal, and claimed that he had requested that his lawyer file a notice of appeal. The Appellate Division rejected Patel's application (*see* 2008 NY Slip Op 67328[U] [2d Dept 2008], *lv dismissed* 10 NY3d 962 [2008]).

More than three years later, after we decided *Syville*, Patel applied for coram nobis relief in the Appellate Division, arguing that his attorney had been ineffective for failing to file a notice of direct appeal following the plea bargain conviction. The Second Department granted Patel's motion and reinstated his direct appeal (97 AD3d 701 [2d Dept 2012]). A Judge of this Court granted the People leave to appeal (20 NY3d 934 [2012]).

*People v Churchill Andrews*:

Defendant Churchill Andrews pleaded guilty to selling narcotics and executed a written waiver of his right to appeal in conjunction with a drug-treatment agreement. Following a series of adjournments, along with an arrest on new charges and failure to complete the treatment program, Andrews eventually accepted a sentence of time served. In accordance

with that disposition, the court noted that Andrews had "previously waive[d] his right to appeal" and he was released from custody later that day. Andrews did not file a notice of appeal.

Andrews subsequently filed a CPL article 440 motion to vacate the judgment. It was denied by Supreme Court (2011 NY Slip Op 31216[U] [2011]) and the Appellate Division granted Andrews permission to appeal the order. Before the Appellate Division decided the case, Andrews moved for coram nobis relief under *Syville*, claiming that his lawyer had been ineffective for not filing a notice of direct appeal. At Andrews' urging, the court stayed its resolution of the CPL 440 proceeding pending the outcome of the coram nobis motion. The court ultimately rejected both of Andrews' applications (108 AD3d 727 [2d Dept 2013]; 108 AD3d 729 [2d Dept 2013]). A Judge of this Court granted Andrews permission to appeal in the coram nobis proceeding (22 NY3d 995 [2013]).

*People v Kevin Kruger*:

Defendant Kevin Kruger pleaded guilty to first-degree burglary, waiving his right to appeal in writing and in court. Kruger appealed and the Appellate Division affirmed, concluding that his challenge to the guilty plea was encompassed by the waiver of appeal (68 AD3d 784 [2d Dept 2009]). Kruger did not file an application for discretionary permission to appeal to this Court, commonly referred to as a "criminal leave application" or "CLA" (*see* CPL 460.10 [5]; 460.20).

Several years later, Kruger sought coram nobis relief in order to file a late criminal leave application. He claimed that his lawyer agreed to file the CLA but had neglected to do so. The Appellate Division denied the coram nobis motion, concluding that *Syville* does not apply to untimely criminal leave applications (104 AD3d 875 [2013]). A Judge of this Court granted Kruger leave to appeal (21 NY3d 1017 [2013]).

## III

■ These appeals present three related yet distinct questions arising under the reasoning of *Syville* and the precedent upon which it was based. In *Patel*, the People assert that the Appellate Division should not have granted the coram nobis motion because that relief is available only if no other procedural recourse exists, yet Patel availed himself of the CPL 460.30 procedure prior to the expiration of the one-year grace period. In *Andrews*, the primary issue is whether the motion for a writ of

error coram nobis provided sufficient factual allegations to support Andrews' assertion that his lawyer failed to inform him about the procedure for pursuing an appeal or whether Andrews' attorney should have filed a notice of appeal to protect his interests.[1] And in *Kruger*, we must consider whether the reasoning of *Syville*, which focused on an appeal as of right to an intermediate appellate court, applies with equal force to a discretionary criminal leave application to our Court.

As our historical analysis reveals, the holding of *Syville*—that coram nobis may be used to assert a claim that appellate rights were extinguished by ineffective legal assistance—was a narrow one. It was premised on the recognition that coram nobis is available only in "rare" cases in which a defendant "has no other procedural recourse" to raise such an issue (15 NY3d at 400 and n 2). In fact, we specifically noted that "strict enforcement" of CPL 460.30 is permissible in "most cases" since the majority of "defendants are in a position to discover" the failure to file a notice of appeal within the one-year grace period (*id.* at 400 n 2). Only defendants who "could not reasonably have . . . discovered" the omission during that period are entitled to utilize the coram nobis procedure (*id.* at 399).

■ *Syville* forecloses Patel's claim. Unlike the *Syville* defendants, Patel realized that a notice of appeal had not been filed within 30 days of sentencing and moved for CPL 460.30 relief before the one-year grace period elapsed. By invoking that procedure, Patel could not later seek similar relief in a coram nobis proceeding (*see e.g. People v Corso*, 40 NY2d at 579). Cases preceding the adoption of the Criminal Procedure Law (*see e.g. People v Lampkins*, 21 NY2d 138 [1967]; *People v Adams*, 12 NY2d 417 [1963]; *People v Stanley*, 12 NY2d 250 [1963]) are not controlling since they were largely abrogated by the codification of the preexisting coram nobis remedies (*see People v Bachert*, 69 NY2d at 596, 599). The pertinent precedent now is CPL 460.30 and *Syville*, and since Patel was in a position to use the

---

1. [1] The People have asked us to dismiss Andrews' appeal because he has been involuntarily removed from the United States on the basis of the underlying drug-sale conviction in this case. We note, however, that this action by federal authorities occurred after a Judge of our Court granted Andrews leave to appeal and despite apparent assurances that removal would not occur while the appeal was pending. Under these circumstances, we reject the People's argument that the appeal should be dismissed (*see generally People v Ventura*, 17 NY3d 675, 680-681 [2011]).

statutory mechanism—and actually did so within the one-year window—recourse to the common-law procedure was not available.[2]

◼ Andrews' application for coram nobis relief suffered from a more fundamental flaw. *Syville* conditions coram nobis relief on a defendant's ability to demonstrate that appellate rights were lost as a result of ineffective assistance (*see* 15 NY3d at 398). The *Syville* defendants, for example, offered specific factual allegations that supported their claims of ineffective assistance of counsel. The coram nobis application for Syville included his affidavit and one from his attorney "stating that, upon being convicted . . . Syville had requested" him to "file a notice of appeal on his behalf" and the lawyer confirmed that he mistakenly failed to do so (*id.* at 395). In the companion case (*People v Tony Council*), the coram nobis motion was likewise supported by several affidavits establishing "that, at the time of his conviction, Council had asked his trial attorney to file a notice of appeal" and the lawyer "averred that he had neglected to file the notice of appeal as a result of 'law office failure'" (*id.* at 396).

Andrews, in contrast, made only perfunctory claims that he asked his lawyer to file a timely notice of appeal and that it was impossible to discover the omission with reasonable diligence. In fact, most of the relevant information presented to the Appellate Division was established by Andrews' counsel at sentencing, who sent an unsolicited response to Andrews' allegation of professional ineptitude. The attorney states that she had discussions regarding the possibility of an appeal with Andrews (as she did with every client) and he decided not to pursue that route because he wanted to accept a sentence of time served and end his case. Those statements were consistent with Andrews' execution of a written waiver of his right to appeal in the presence of the judge who presided at the guilty plea proceeding, which presumptively demonstrated a desire not to seek appellate review (*see generally People v Parris*, 4 NY3d 41, 50 [2004]). Defense counsel further recalled that it was the court's usual practice to provide defendants with written notice

---

**2.** A defendant who acts diligently to obtain "unquestionable documentary proof" that would "conclusively substantiate[ ]" ineffective legal assistance in support of a motion to file a late notice of appeal (CPL 460.30 [3]), but is unable to comply with the jurisdictional one-year grace period through no fault of his own (*see People v Thomas*, 47 NY2d at 43; *People v Corso*, 40 NY2d at 581), could seek a writ of error coram nobis because "no other procedural recourse" apparently exists "to alleviate [the] constitutional wrong" in that particular situation (*People v Syville*, 15 NY3d at 400).

of the right to appeal. Nothing Andrews offered countered these assertions—he did not claim that his attorney or the court failed to inform him about the appellate process, or that he asked for a notice of appeal to be filed. Nor did Andrews attempt to explain why he waited more than two years to seek coram nobis relief after he obtained an attorney to represent him on collateral review. Consequently, his *Syville* claim was properly rejected by the Appellate Division.

█ Kruger's case is different in at least one important respect. He sought permission to file an untimely criminal leave application for discretionary review by our Court—not a late first-tier appeal as of right to an intermediate appellate tribunal as in *Syville, Patel* and *Andrews*.[3] Unlike an appeal as of right, however, there is no federal constitutional entitlement to legal representation on a discretionary application for an appeal to a state's highest court (*see Ross v Moffitt*, 417 US 600, 615-616 [1974]; *Halbert v Michigan*, 545 US at 611-612; *Hernandez v Greiner*, 414 F3d 266, 269-270 [2d Cir 2005]). Thus, the failure to file a CLA, standing alone, does not necessarily establish that Kruger was deprived of effective assistance of counsel or due process of law (*see Wainwright v Torna*, 455 US 586, 587-588 [1982]). He was therefore not entitled to coram nobis relief.

Furthermore, Kruger has not premised his ineffectiveness claim on independent state constitutional grounds so our analysis is grounded on federal constitutional precedent (*see generally People v Kin Kan*, 78 NY2d 54, 59-60 [1991]). Cases such as *Wainwright v Torna* (455 US 586 [1982]) and *Ross v Moffitt* (417 US 600 [1974]) clearly establish that the failure of Kruger's attorney to pursue a CLA did not implicate the Sixth or Fourteenth Amendments, even though—as our dissenting colleague observes (*see* dissenting op at 619)—this affects Kruger's ability to seek federal habeas corpus review of his underlying appellate issues (*see O'Sullivan v Boerckel*, 526 US 838, 848-849 [1999]). Because Kruger has not asked us to depart from that rationale as a matter of state law, or cited any New York statutes or regulatory provisions in support of such a position, it is inappropriate for us to decide today whether a more protective rule should be recognized under our State Constitution.

Accordingly, in *People v Patel*, the order of the Appellate Division should be reversed and defendant's application for a writ of

---

**3.** The People do not claim that Kruger erroneously filed his coram nobis application with the Appellate Division rather than our Court so we express no view on whether the motion was procedurally defective in that regard.

error coram nobis denied. In *People v Andrews*, the order of the Appellate Division should be affirmed. In *People v Kruger*, the order of the Appellate Division should be affirmed.

RIVERA, J. (concurring in *People v Andrews*, and dissenting in *People v Kruger*). I join the majority in *People v Andrews* because, as the majority states, Andrews's petition for a writ of error coram nobis lacked his affirmative assertion that defense counsel failed to inform him about the appellate process or that he asked counsel to file a notice of appeal (majority op at 615-616).

However, of import is defense counsel's conduct as related to her obligation to inform Andrews of his right to appeal. Counsel's failure to provide Andrews with written notice, in person or by mail, of his right to appeal was in direct contravention of the rules of the Appellate Division, Second Department (*see* 22 NYCRR 671.3 [a] ["Upon conviction in the trial court . . . it shall be the duty of the counsel for the defendant, immediately after the pronouncement of sentence . . . to give, either by mail or personally, written notice to his client advising him of his right to appeal"]).[1] Moreover, defense counsel's conduct is particularly disconcerting because, according to her affirmation, she "ask[ed] Mr. Andrews if he wished to appeal"—no more than a cursory inquiry, lacking any semblance of counsel regarding Andrews's right to appeal. Nevertheless, Andrews's submissions were inadequate to support his request for a writ of error coram nobis, and I agree with the majority that the order of the Appellate Division should be affirmed.

---

**1.** Every department imposes such requirements (*see* 22 NYCRR 606.5 [b] [First Department]; 22 NYCRR 821.2 [a] [Third Department]; 22 NYCRR 1022.11 [a] [Fourth Department]). These notification requirements imposed on counsel are not insignificant. In the Second Department, counsel's written notice must inform defendant of "the applicable time limitations with respect to the making of the application for permission to appeal[,] . . . the manner of instituting the appeal and [obtaining applicable transcripts,] and the appellant's right . . . to make application to the appellate court for the following relief: for the assignment of counsel to prosecute the appeal; for leave to prosecute the appeal as a poor person and to dispense with printing; and [obtaining applicable transcripts at no cost]" (22 NYCRR 671.3 [b] [1], [2], [3]). Moreover, counsel's written notice should "request the written instructions of his client, and if the client thereafter gives counsel timely written notice of his desire [to appeal] . . . counsel shall proceed promptly to do so" (22 NYCRR 671.3 [b] [4]). Every department has similar requirements for counsel's written notice (*see* 22 NYCRR 606.5 [b] [1] [First Department]; 22 NYCRR 821.2 [a] [Third Department]; 22 NYCRR 1022.11 [a] [Fourth Department]).

However, I disagree with the majority's decision in *People v Kruger* that defendant may not seek coram nobis relief when counsel fails to file a timely criminal leave application to our Court, despite defendant's specific request, because such failure "does not necessarily establish" ineffective assistance of counsel or deprivation of due process of law (majority op at 616).[2] The majority grounds its decision on the lack of a federal constitutional right to legal representation on a discretionary application for an appeal to our Court.

This reasoning is unpersuasive. It is within our discretion that we determine the expanse of coram nobis and "the long-standing recognition of coram nobis flexibility" (*People v Bachert*, 69 NY2d 593, 596 [1987]) empowers us to afford relief to a defendant who "has no other procedural recourse" (*People v Syville*, 15 NY3d 391, 400 [2010]). Here, defendant seeks relief to file an untimely criminal leave application. Denial of the opportunity to exhaust all available avenues for state appellate review has negative consequences that affect defendant's rights, and potentially forecloses judicial correction of trial and appellate errors. Therefore, I dissent.

Once a state affords appellate review, it must do so in a constitutional manner (*see Griffin v Illinois*, 351 US 12, 20 [1956]; *Evitts v Lucey*, 469 US 387, 393 [1985]; *People v West*, 100 NY2d 23, 28 [2003]). Here, our appellate courts, both the Appellate Division and our Court of Appeals, are " 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant' " (*Evitts*, 469 US at 393, citing *Griffin*, 351 US at 18). Although a defendant has no right to a favorable outcome on appeal, our laws recognize a defendant's right to request appellate consideration (*see generally* CPL 460.10).

It is undisputed that defendant sought to invoke his right to appellate review as guaranteed by our state. He asked his appellate counsel to file an application for leave to appeal and, although defense counsel told defendant that he would do so, counsel failed to file a timely criminal leave application. Moreover, counsel did not make a timely request for an extension to file, as provided by our Criminal Procedure Law (*see* CPL 460.30). As a direct result of counsel's deficient performance in the exercise of his professional duties and responsibilities to his client, defendant has been denied the opportunity to request review of his conviction from this Court.

---

**2.** Like the majority, I take no position on whether Kruger's coram nobis petition was properly filed with the Appellate Division (majority op at 615 n 2).

This denial is not inconsequential for several reasons. First, denial of the right to request review by the highest court of the state due to the mere fact that an attorney failed to comply with a client's request to file a timely criminal leave application places in question the integrity of our criminal justice system and the fairness of the appellate process. While defendant, of course, could not be certain we would grant leave, his lawyer's failure has eliminated even that possibility. Second, review by our Court is a meaningful part of New York's appellate procedure, allowing us to

> "consider and determine not only questions of law which were raised or considered upon the appeal to the [Appellate Division], but also any question of law involving alleged error or defect in the criminal court proceedings resulting in the original criminal court judgment, sentence or order, regardless of whether such question was raised, considered or determined upon the appeal to the [Appellate Division]" (CPL 470.35 [1]).

Third, defense counsel's failure has jeopardized defendant's potential request for federal habeas relief (*Baldwin v Reese*, 541 US 27, 29 [2004] ["Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies"], citing 28 USC § 2254 [b] [1]). Defendant's interest in state and federal judicial review of his claims is of no less import and is no less worthy of protection than the interests at stake in *Syville*.

Defendant only seeks *permission* to submit a late criminal leave application to our Court. It is our Court that decides the expanse of coram nobis, and I would allow the writ to be used for this limited purpose. The writ is especially warranted where, as here, defendant has been unduly prejudiced due to no fault of his own but, rather, solely as a result of his counsel's deficient performance in failing to comply with the ministerial task of filing a timely criminal leave application.

Chief Judge LIPPMAN and Judges READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur with Judge GRAFFEO; Judge RIVERA in a separate concurring opinion.

In *People v Andrews*: Order affirmed.

Chief Judge LIPPMAN and Judges READ, SMITH, PIGOTT and ABDUS-SALAAM concur with Judge GRAFFEO; Judge RIVERA dissents in an opinion.

In *People v Kruger*: Order affirmed.

Chief Judge LIPPMAN and Judges READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

In *People v Patel*: Order reversed and defendant's application for a writ of error coram nobis denied.