This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 191
The People &c.,
          Respondent,
     v.
Luciano Rosario,
          Appellant.
-----------------------
No. 192
The People &c.,
          Respondent,
     v.
Marcos Llibre,
          Appellant.

Case No. 191:
        Robin Nichinsky, for appellant.
        David P. Johnson, for respondent.

Case No. 192:
        Robin Nichinsky, for appellant.
        Hope Korenstein, for respondent.

PIGOTT, J.:

        In People v Syville (15 NY3d 391 [2010]), we held that
a defendant who learns, after the expiration of the one-year
grace period provided in CPL 460.30, that a notice of appeal was
not timely filed on his behalf due to the ineffective assistance

- 1 -

of his counsel may, under very limited circumstances, have recourse by way of a coram nobis application.  Defendants in these appeals claim they are entitled to such relief.  We disagree, and therefore affirm in both appeals.

<u>People v Rosario</u>

In 2008, Luciano Rosario was arrested and charged with various misdemeanor counts of stalking and harassment.  A temporary order of protection was issued directing him to stay away from the complainant.  Rosario violated that protection order and was charged with four counts of criminal contempt in the second degree.

He appeared with his counsel and was offered a plea to second-degree harassment and fourth-degree attempted criminal contempt with definite concurrent sentences, the greatest of which was 30 days.  When Rosario indicated he did not understand all of the consequences resulting from the plea, the court declined to accept Rosario's plea and adjourned the matter to a later date.

Several weeks later, Rosario again appeared with counsel and accepted the People's offer and pleaded guilty.  The court asked if Rosario waived "formal allocution, prosecution by information, and waive[d] the right to appeal", to which counsel responded, "Yes".  Rosario was immediately sentenced consistent with his plea.  No notice of appeal was filed.

Nearly four years later, Rosario, through new counsel,

filed this application for a writ of error coram nobis claiming that his plea counsel did not speak with him about his right to appeal. He claimed that had he been so informed, he would have exercised it. Specifically, he contends that he lost his job and is now subject to deportation due to his convictions, which he claimed rested on pleas that were not knowing, intelligent, and voluntary when made.

In addition to his own affidavit, Rosario submitted an affirmation from his current counsel who stated that Rosario's former counsel, speaking through her organization's counsel, had stated that she had no specific recollection of what transpired in the case. However, it was her general practice to advise clients about the right to appeal and to provide them a written statement to that effect. He argued that coram nobis relief should be granted due to counsel's failure to advise him of his appeal rights and that he should be provided an opportunity to file a notice of appeal.

In opposition, the People argued that Rosario's claim that his plea counsel did not apprise him of the right to appeal was unsupported and, in any event, Rosario had no viable issues to appeal. The People submitted a letter from U.S. Immigration and Customs Enforcement which revealed that a search of the Department's records failed to show that Rosario had ever been in immigration proceedings. Further, the letter states that it did not appear that Rosario would be subject to deportation based on

these criminal convictions.  Furthermore, the People argued, Rosario failed to exercise due diligence with respect to any potential appellate claims.

The Appellate Division denied Rosario's writ of error coram nobis without opinion.  A Judge of this Court granted Rosario leave to appeal (24 NY3d 964 [2014]).

People v Llibre

In June 2006, Marcos Llibre was indicted on charges of criminal possession of a controlled substance in the third and fourth degrees and attempted criminal sale of a controlled substance in the third degree.  In April 2007, Llibre accepted a plea to fourth-degree criminal possession of a controlled substance with a promise of five years probation.

At the plea proceeding, the court confirmed with Llibre that he discussed the case and the decision to plead guilty with counsel.  The court informed Llibre of the rights that he was giving up by pleading guilty.  The court also specifically asked Llibre whether he understood that he was waiving his right to appeal, to which Llibre answered in the affirmative.  Llibre executed a written waiver of appeal and was sentenced as promised in the plea agreement.

In November 2012, some five years after his time to file a notice of appeal had expired, Llibre petitioned for a writ of error coram nobis.  He alleged that counsel at his plea hearing was constitutionally ineffective because he had failed to

advise him of his right to appeal, to ascertain if he wished to appeal, or to file a notice of appeal on his behalf. The Appellate Division denied Llibre's writ of error coram nobis (125 AD3d 422 [1st Dept 2015]). A Judge of this Court granted Llibre leave to appeal (24 NY3d 1121 [2014]).

### Analysis

The procedure for taking an appeal from a judgment of conviction or sentence in a criminal matter is relatively straightforward. A defendant who wishes to take an appeal must generally do so within 30 days after imposition of sentence (see CPL 460.10 [1] [a]). CPL 460.30 allows an appellate court to grant an extension of time to file a notice of appeal if defendant makes a motion, with due diligence, after the 30 days has expired but in no event more than one year thereafter. "The one-year grace period is strictly enforced 'since the time limits within which appeals must be taken are jurisdictional in nature and courts lack inherent power to modify or extend them'" (People v Andrews, 23 NY3d 605, 611 [2014] [citation omitted]).

In People v Syville (15 NY3d 391), this Court considered whether defendants may be afforded an opportunity to file a notice of appeal, even beyond the one year and 30 days permitted under the CPL. In Syville, the defendants had made timely requests to their attorneys to file a notice of appeal on their behalf but their attorneys failed to comply. We held that when an attorney has failed to comply with a timely request for

the filing of a notice of appeal and the defendant demonstrates that the omission could not reasonably have been discovered within the one-year period, the time limit imposed in CPL 460.30 should not categorically bar an appellate court from considering a coram nobis application to pursue an untimely appeal.  Thus, coram nobis relief is not just another stop on a continuum of opportunities for a defendant to seek appellate relief.  Rather, it is extraordinary relief only to be provided in "rare cases" "when a right to appeal was extinguished 'due solely to the unconstitutionally deficient performance of counsel'" (Andrews, 23 NY3d at 611 citing People v Syville, 15 NY3d 391, 398).

We recently considered the Syville rule in People v Andrews (23 NY3d 605), where the defendant pleaded guilty to selling narcotics and executed a written waiver of his right to appeal in conjunction with an agreement that he enter a drug treatment program.  He was sentenced to time served and released from custody that day.  Andrews did not file a notice of appeal.

He later moved, beyond the one year and 30 day time period afforded under the CPL, for coram nobis relief under Syville, claiming that his lawyer had been ineffective for not filing a notice of appeal.  We held that Andrews failed to establish that his attorney had been ineffective, finding that defendant made only "perfunctory claims" that he had asked his lawyer to file a timely notice of appeal and had not shown that it was impossible to discover the omission with reasonable

diligence (id. at 615). Andrew's former attorney stated that she had discussions regarding the possibility of an appeal with Andrews (as she did with every client) and he had decided not to pursue that route because he wanted to accept a sentence of time served and end his case (id.). We noted that those statements were consistent with Andrews' execution of a written waiver of his right to appeal before the court, which "presumptively demonstrated a desire not to seek appellate review" (id. citing People v Parris, 4 NY3d 41, 50 [2004]).

The cases before us now do not resemble Syville or Andrews. Significantly, neither defendant claims that he requested that his attorney file a notice of appeal and that his attorney failed to comply with that request. Rather, they claim that counsel did not advise them of the right to appeal and had defendants known about their right to appeal, they would have requested one. However, in both appeals, the only evidence proffered in support of the contention that defendants were not apprised of their appellate rights are self-serving affidavits. The records as a whole reveal that defendants knew about their right to appeal. Thus, to grant defendants relief here would be to broaden the Syville rule to apply to any case where a notice of appeal had not been filed within one year and 30 days of conviction. Such a rule would abrogate CPL 460.30. Simply put, defendants here failed to show that their attorneys were unconstitutionally ineffective and therefore they are not

entitled to the relief they seek.

In <u>Rosario</u>, at the first court proceeding, plea counsel stated that she had discussed the "collateral consequences of a conviction" including "possible immigration and other consequences" with defendant, and that he wanted to dispose of the matter. The court adjourned the matter, which permitted Rosario additional time to consider the plea and the rights he would be forfeiting and to discuss those matters with his attorney. Some three weeks later, the court specifically asked plea counsel if Rosario waived his right to appeal, to which she answered affirmatively. Further, plea counsel stated that while she could not recall the specifics of Rosario's case - understandably as it was some three years later - it was her routine to inform defendants of their appellate rights.

The record in <u>Llibre</u> is even more conclusive. Llibre acknowledged to the court at the plea proceeding that he understood that he was waiving his right to appeal. He also executed a written waiver before the court. Both the oral and written waivers in these cases are contrary to defendants' claims that they were unaware of their right to appeal.

Nor did defendants make any showing that they took steps toward discovering the omission or explain why years passed before they sought coram nobis relief. In order to obtain exceptional relief beyond the time permitted under CPL 460.30, defendant must show that he exercised due diligence. The records

in both appeals support the conclusion that defendant had no intention of appealing, as both waited years before seeking relief. Their desire to quickly dispose of the matters at the time of their pleas is consistent with their highly favorable pleas; Rosario was sentenced to time served and released that same day and Llibre was sentenced to probation.

Under these circumstances, defendants failed to meet their burden on their coram nobis applications. Accordingly, the orders of the Appellate Division should be affirmed.

People v Luciano Rosario
People v Marcos Llibre

No. 191 & 192

LIPPMAN, Chief Judge (concurring in People v Llibre; dissenting in People v Rosario):

I agree with the majority that in People v Llibre the record conclusively demonstrates that defendant Llibre was advised of his right to appeal and waived that right both orally and in writing after stating that he discussed his right to appeal with defense counsel. The majority concedes that the record in People v Rosario is less clear, and because that record in Rosario does not show that defense counsel consulted with defendant regarding his right to appeal, when consultation was necessary, I would reverse and grant a hearing on Rosario's petition.

As the United States Supreme Court held in Roe v Flores-Ortega, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing" (528 US 470, 480 [2000]). To "consult" means "advising the defendant

- 1 -

about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes" (id. at 478). The "better practice" in all cases is for defense counsel to consult with defendant (see id. at 479). In Flores-Ortega, defense counsel failed to file an appeal after the defendant specifically requested it (id. at 474) while the defendant's file indicated that defense counsel consulted with the defendant regarding his right to appeal. The Supreme Court did not go so far as to hold that counsel must in all cases "file a notice of appeal" or "discuss the possibility of an appeal with the defendant" (id. at 478), but where the defendant may be interested in appealing, consultation is required.

The Appellate Division rules and the ABA Standards for Criminal Justice reaffirm the consultation requirements laid out in Flores-Ortega. According to the rules promulgated by each Appellate Division, defense counsel must "immediately after the pronouncement of sentence" advise a defendant in writing of the right to appeal and the time limitations involved (see Rules of App Div [22 NYCRR] § 606.5 [b]; 671.3 [a], [b]; 821.2 [a]; 1022.11 [a]). Similarly, under the ABA Standards for Criminal Justice, defense counsel should explain the right to appeal, give his or her professional judgment on the merits of an appeal, and "explain to the client the advantages and disadvantages of an appeal"; "the ultimate decision whether to appeal should be the client's" (ABA Standards for Criminal Justice, Preparing to

Appeal, 4-9.1 [4th ed. 2015]).

Where, as in <u>Rosario</u>, it is abundantly clear that defendant was confused about his rights at the first sentencing proceeding, it was incumbent upon defense counsel to ensure that defendant understood his right to appeal.  The record provides no evidence that this conversation ever took place and defendant asserts that it did not.  Defense counsel, with personal knowledge of the facts, did not submit an affidavit.  The majority simply ignores the glaring omissions in the record and, for the sake of convenience, denies a hearing by characterizing defendant's assertions as "self-serving," and thus, in its view, worthless.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>For Case No. 191</u>:  Order affirmed.  Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur.  Chief Judge Lippman dissents in an opinion in which Judge Rivera concurs.

<u>For Case No. 192</u>:  Order affirmed.  Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur.  Chief Judge Lippman concurs in a separate opinion in which Judge Rivera concurs.

Decided December 16, 2015