James BETHEA, Petitioner–Appellant,

v.

Roy GIRDICH, Respondent–Appellee.

Docket No. 02–2266.

United States Court of Appeals,
Second Circuit.

Submitted: June 12, 2002.

Decided: June 18, 2002.

James Bethea, Pro se.

Donna Aldea, Assistant District Attorney (Richard A. Brown, District Attorney, of counsel), Office of the Queens County District Attorney, Kew Gardens, NY, for Respondent–Appellee.

Before MINER, CABRANES, and POOLER, Circuit Judges.

PER CURIAM.

James Bethea moves for a certificate of appealability, for leave to proceed *in forma pauperis,* and for appointment of counsel, all to challenge a February 7, 2000, order of the United States District Court for the Eastern District of New York (Sterling Johnson, *Judge* ), adopting a January 10, 2002, Report and Recommendation of Magistrate Judge Lois Bloom and dismissing Bethea's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. Because the District Court dismissed the petition on procedural grounds, Bethea is entitled to a certificate of appealability if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

On February 16, 1999, Bethea pleaded guilty in New York Supreme Court, Queens County, to Manslaughter in the First Degree, in violation of N.Y. Penal Law § 120.20(1), and to Criminal Possession of a Weapon in the First Degree, in violation of N.Y. Penal Law § 265.03(2). He waived his right to appeal the convictions as a condition of his plea bargain. On March 10, 1999, Bethea was sentenced to concurrent indeterminate terms of imprisonment for seven years to fourteen years for each of his offenses. He did not file a timely notice of appeal from the judgment of conviction.

On January 6, 2000, Bethea moved in the Appellate Division, Second Department for leave to file a late notice of appeal. His motion was denied by the Appellate Division on March 13, 2000. Bethea moved for reargument on March 30, 2000; that motion was denied on May 10, 2000.

On December 15, 2000, Bethea filed a motion in New York State Supreme Court pursuant to N.Y.Crim. Pro. Law. § 440.10 to vacate his judgment of conviction. The § 440.10 motion was denied on February 28, 2001, as procedurally barred and, alternatively, without merit. On May 24, 2001, the Appellate Division denied Bethea leave to appeal the February 28 order.

Bethea filed the instant petition in the District Court on July 28, 2001. He claims that (1) his plea of February 16, 1999, was not knowing, voluntary, or intelligent; and (2) he was denied effective assistance of counsel at the plea proceedings. Because the petition, on its face, "states a valid claim of the denial of a constitutional right," we turn to the question of whether "jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *See Slack*, 529 U.S. at 484, 120 S.Ct. 1595.

■ Pursuant to the AEDPA, a prisoner must file a habeas petition challenging a state court judgment of conviction within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts, *see Artuz v. Bennett*, 531 U.S. 4, 8–11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), *affirming Bennett v. Artuz*, 199 F.3d 116 (2d Cir.1999), but not during the pendency of an earlier habeas petition filed in federal court, *see Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, we have held "proper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (emphases added).

■ In this case, the one-year limitations period began running on April 9, 1999, when Bethea's time for filing a notice of appeal from his judgment of conviction expired, *see* N.Y. C.P.L.R. § 460.10(1), unless the denial of the motion to extend the time to appeal (on March 13, 2000) "restarted" Bethea's time to file pursuant to the AEDPA. Whether the denial of a motion to extend the time to appeal "restarts" the AEDPA limitations period is a question of first impression in this Circuit.

We are satisfied that "jurists of reason" would not find the resolution of the issue presented here "debatable." As we stated in holding that state-court applications for collateral relief do not "restart" the AEDPA limitations period, "[i]f the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the dead-

line for federal habeas review by filing additional petitions in state court," thus defeating the goal of the AEDPA to prevent undue delays in federal habeas review. *Smith*, 208 F.3d at 17. This reasoning applies at least as strongly to motions to extend the time to appeal, which "can be sought at any time, even many years after conviction." *See Raynor v. Dufrain*, 28 F.Supp.2d. 896, 898 (S.D.N.Y.1998). Accordingly, we hold that the filing of a motion to extend the time to appeal or to file a late notice of appeal does not "restart" the AEDPA limitation period. Bethea's time to file the instant petition, therefore, began running on April 9, 1999, and the instant petition, filed on July 28, 2001, was untimely.

Even assuming, *arguendo*, that Bethea's motions to extend his time to appeal and for reargument *tolled* the limitations period—which we doubt, as they were not themselves "properly filed application[s] for state post-conviction or other collateral review," *see Bennett*, 199 F.3d at 119 (quoting 28 U.S.C. § 2244(d)(2))—Bethea's § 2254 petition was untimely. Two hundred seventy-two days elapsed between the date Bethea's conviction became final (April 9, 1999) and the date Bethea moved to file a late notice of appeal (January 6, 2000). Eighteen more days elapsed—for a total of 290—between the denial of that motion (on March 13, 2000), and the filing of Bethea's motion for reargument (on March 30, 2000). Thus, when the motion for reargument was denied on May 20, 2000, Bethea had 75 days—or until July 23, 2000—to file his petition. He did not file until July 28, 2001, more than one year later.

We have considered the remaining arguments in favor of granting the certificate of appealability, including the potential application of equitable or statutory tolling, and find them without merit. Accordingly, the motion for a certificate of appealability

is denied, the motions to proceed *in forma pauperis* and for the appointment of counsel are dismissed as moot, and the appeal is dismissed.