Willie SYKES, Petitioner,

v.

Charles HYNES, District Attorney, Kings County, and Brian Fischer, Superintendent of Sing Sing Correctional Facility Respondents.

No. 03 CV 3211(NG).

United States District Court, E.D. New York.

June 22, 2004.

Wille Sykes, Ossining, NY, pro se.

Adam Charnoff, Office of the District Attorney, Kings County, Brooklyn, NY, for Defendant.

## ORDER

GERSHON, District Judge.

*Pro se* petitioner Willie Sykes seeks a writ of habeas corpus pursuant to 28 U.S.C § 2254. Respondents move this court to dismiss the petition on the ground that the petition is time-barred because petitioner failed to file his application within the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition is dismissed.

### Procedural History

On October 29, 1987, petitioner was convicted, *in absentia,* after a jury trial, of two counts of Robbery in the First Degree (Penal Law § 160.15[4]), one count of Attempted Robbery in the First Degree (Penal Law §§ 110.00/160.15[1], [2]), one count of Robbery in the Second Degree (Penal Law § 160.10[2][a]), on count of Criminal Possession of Stolen Property in the Third Degree (Penal Law § 165.50), two counts of Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03) and two counts of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[4]). On November 19, 1987, petitioner was sentenced, *in absentia,* to concurrent terms of imprisonment of twelve and one-half to twenty-five years for the first degree robbery counts, five to fifteen years for each count of

attempted first degree robbery, second degree robbery, second degree weapons possession, and two and one-third to seven years for each count of third degree weapon-possession and third degree possession of stolen property. On November 19, 1987, petitioner's trial counsel filed a notice of appeal, which was dismissed by the Appellate Division on April 3, 1990.

On April 19, 1999, petitioner, having been arrested on unrelated charges, was remanded on the previously imposed sentence. On April 28, 1999, petitioner filed a *pro se* motion in the Appellate Division to vacate that court's order of April 3, 1990, dismissing his appeal. This motion was denied by the Appellate Division on July 2, 1999. On April 12, 2000, petitioner filed a *pro se* motion to vacate his judgment of conviction, pursuant to N.Y. Criminal Procedure Law § 440.10(h), which was denied July 15, 2000. On February 22, 2001, the Appellate Division denied petitioner's application for permission to appeal the denial of his 440.10 motion. Petitioner then sought leave to appeal the Appellate Division's decision to the New York State Court of Appeals. Petitioner's application for leave to appeal was dismissed as not appealable to the Court of Appeals on April 27, 2001. On May 21, 2001, the New York State Court of Appeals denied petitioner's request for reconsideration. In a third *pro se* motion, dated August 2, 2001, petitioner sought to set aside his sentence pursuant to N.Y. Procedure Law § 440.20 arguing that he had been incorrectly adjudicated as a second-felony offender; this motion was denied on October 30, 2001. Petitioner again moved to vacate his conviction pursuant to N.Y Criminal Procedure Law § 440.10, which was denied on January 4, 2002. On April 24, 2002, the Appellate Division denied petitioner's application for leave to appeal, and petitioner appealed this decision to the Court of Appeals. On July 12, 2002, the Court of Appeals dismissed petitioner's leave application and denied petitioner's request for reconsideration on October 8, 2002.

### Discussion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA, among other things, amended 28 U.S.C. § 2244 to provide a one-year limitations period for filing state habeas corpus petitions. The AEDPA limitations period is, with certain variations, one year from the date on which the petitioner's conviction became final. In cases where the judgment of conviction became final before April 24, 1996, the effective date of AEDPA, a prisoner had until April 24, 1997, or one year after the effective date of AEDPA, to file a petition. See *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998). The AEDPA limitations period is tolled for the period during which "a properly filed application for State post-conviction or collateral review is pending," see 28 U.S.C. § 2244(d)(2), or where a petitioner has demonstrated eligibility for equitable tolling. In order to obtain equitable tolling of the AEDPA limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time. In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d. Cir.2000), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000).

Petitioner's judgment of conviction became final prior to the enactment of AEDPA, specifically, on April 3, 1990, when the Appellate Division dismissed petitioner's appeal. See *Bethea v. Girdich*, 293 F.3d 577 (2d Cir.2002)(judgment of conviction became final after petitioner failed to timely file a notice of appeal). Petitioner filed his present habeas petition on June 23, 2003.

██ Petitioner claims that he is entitled to equitable consideration because the trial court failed to warn him, pursuant to *People v. Parker*, 57 N.Y.2d 136, 454 N.Y.S.2d 967, 440 N.E.2d 1313 (1982), that the trial would proceed in his absence if he failed to appear for trial. To begin with, whether petitioner was properly given a *Parker* warning is a matter of state law and not a proper basis for granting a writ of habeas corpus, *see* 28 U.S.C. §§ 2254(d)(1) and (2), and this claim was rejected by the state court in denying petitioner's two Section 440.10 motions. *See People v. Sykes*, No.5301–86 (Sup.Ct. Kings County, Jan. 4, 2002). Moreover, under federal law, a defendant's knowing and voluntary waiver of his right to be present at trial may be inferred from the fact that he was advised when the proceedings would commence and that defendant subsequently failed to appear. *See Taylor v. U.S.*, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). Here, pretrial hearings had been in progress for four days when petitioner absconded, and petitioner cannot seriously claim that he was unaware that his trial would be commencing. Accordingly, petitioner can show neither extraordinary circumstances nor that he acted with reasonable diligence to justify equitable tolling.

Even assuming that the doctrine of equitable tolling applied in this case, and, as petitioner contends, reset the clock on July 2, 1999 (the date on which the Appellate Division denied petitioner's motion to vacate), petitioner would still be required to have filed his present petition within 365 days of that date. In this case, petitioner did not file his first Section 440.10 motion until April 12, 2000, two-hundred and eighty-four days (284) days after July 2, 1999. That motion remained pending until February 22, 2001, when the Appellate Division denied petitioner's motion. Petitioner then waited an additional one-hundred and sixty-one (161) days before he filed his Section 440.20 motion on August 2, 2001. The Section 440.20 motion was denied on October 30, 2001 and remained pending until November 30, 2001, the thirtieth day after the denial of petitioner's motion, which petitioner could have, but did not, seek leave to appeal. In the meantime, however, petitioner had filed his second 440.10 motion on November 15, 2001 which remained pending until April 24, 2002, when it was denied.[1] Five-hundred and eight (508) days later petitioner filed the present habeas corpus petition. Accordingly, even if the time between AEDPA's enactment and July 2, 1999 was excluded, the non-excludable time between July 2, 1999, and the date of filing of this habeas corpus petition, totaling nine-hundred and fifty-three (953) days, exceeds the one year time period during which petitioner was required to file.

## CONCLUSION

The petition is dismissed. The Clerk of Court is directed to close this case. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**

---

1. Petitioner's subsequent applications to the New York State Court of Appeals seeking leave to appeal the Appellate Division's orders denying petitioner's 440.10 motions do not toll the one year statute because those orders were not appealable and therefore do not constitute a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) ("'[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'")