This opinion is uncorrected and subject to revision before publication in the New York Reports.
-------------------------------------------------------------

No. 193
The People &c.,
          Appellant,
        v.
Natanael Sagastumeal Varenga,
          Respondent.


          Thomas C. Costello, for appellant.
          Phil Solages, for respondent.
          Randy Hertz et al., amici curiae.


FAHEY, J.:

          On this appeal, we are asked to decide when a

defendant's judgment of conviction and sentence becomes final for

purposes of applying a new rule of federal constitutional

criminal procedure, when the defendant does not take a direct

appeal to the Appellate Division.  Defendant asks us to hold that

- 1 -

the judgment did not become final until one year and 30 days after he was sentenced, inasmuch as that was the last day that he could have sought an extension from the Appellate Division to file a late notice of appeal pursuant to CPL 460.30 (1).

The Appellate Division never granted defendant such relief. No motion pursuant to CPL 460.30 (1) for leave to file a late notice of appeal was ever made. Defendant asks us to extend the finality of the judgment by the one-year grace period of CPL 460.30 (1) simply because that grace period is available, and not because he has demonstrated entitlement to its relief. In light of the uncertainty in the finality of judgments that would result if we adopted defendant's definition of finality, we reject that definition. We hold that where a defendant does not take a timely direct appeal from the judgment, and does not move for leave to file a late notice of appeal pursuant to CPL 460.30 (1), the judgment becomes final 30 days after sentencing, on the last day that a defendant has an inviolable right to file a notice of appeal pursuant to CPL 460.10 (1) (a).

I.

Defendant is a native of Honduras who was granted Temporary Protected Status by United States immigration authorities in 1999. In 2008, defendant was charged with assault in the second degree, a class D felony (see Penal Law § 120.05). On March 19, 2009, defendant pleaded guilty to the charge in exchange for a negotiated sentence of five years' probation. On

May 14, 2009, defendant was sentenced as promised. During the sentencing proceeding, defendant was informed on the record of his right to appeal the judgment of conviction and sentence. Defendant nevertheless did not file a notice of appeal.

Defendant subsequently was notified that his Temporary Protected Status would not be renewed due to his felony conviction, and he was placed in removal proceedings. In April 2011, defendant filed a CPL 440.10 motion seeking to vacate the 2009 judgment. Defendant's primary claim was based on the United States Supreme Court's 2010 decision in Padilla v Kentucky (559 US 356 [2010]). In Padilla, the Supreme Court held that the Sixth Amendment of the Federal Constitution requires criminal defense counsel to inform a noncitizen client whether his or her guilty plea "carries a risk of deportation" (id. at 374). At the time defendant filed his CPL 440.10 motion, neither the United States Supreme Court nor this Court had determined whether Padilla should be applied retroactively. Defendant therefore asserted in his motion papers that Padilla should apply retroactively.

Supreme Court denied defendant's CPL 440.10 motion without a hearing. The court concluded that Padilla should not be applied retroactively to judgments such as defendant's that became final before Padilla was decided.

A Justice of the Appellate Division granted defendant's application for leave to appeal from Supreme Court's order (see

CPL 460.15).  While that appeal was pending, the United States

Supreme Court decided Chaidez v United States (___ US ___, 133 S

Ct 1103 [2013]).  In Chaidez, the Supreme Court applied the

retroactivity principles set forth in Teague v Lane (489 US 288

[1989], reh denied 490 US 1031 [1989]) and held that Padilla

announced a "new rule" that would not be applied retroactively to

any conviction that became final before Padilla was decided on

March 31, 2010 (see Chaidez, ___ US at ___, 133 S Ct at 1113).[1]

          After Chaidez was decided, the Appellate Division

invited the parties to comment on whether defendant's 2009

judgment of conviction and sentence became final before or after

Padilla was decided.  Defendant contended that the judgment did

not become final until June 13, 2010, a year and 30 days after he

was sentenced on May 14, 2009.  Defendant's reasoning was that

because CPL 460.10 (1) (a) granted him 30 days from the

imposition of sentence to file a notice of appeal, and CPL 460.30

(1) granted him an additional year to obtain an extension to file

a late notice of appeal, he had not exhausted the availability of

an appeal until the last date on which he could have filed a

notice of appeal.  The People responded, as relevant here, that

the judgment became final 30 days after sentencing, inasmuch as

---

[1]     Although the Supreme Court discussed the finality of
the defendant's "conviction" in Chaidez, and we discuss here the
finality of defendant's "judgment" due to our own state's
terminology (see CPL 1.20 [15]), we are referring to the same
legal principle.

that was the last date upon which defendant had the automatic right to file a notice of appeal pursuant to CPL 460.10 (1) (a). The People argued that defendant was not entitled to extend the date of finality of the judgment by relying on the one-year grace period of CPL 460.30 (1), inasmuch as defendant never sought an extension to file a late notice of appeal pursuant to that statute.

The Appellate Division rejected defendant's contention that it should give broader retroactive effect to Padilla than the United States Supreme Court gave to Padilla in Chaidez, and therefore held that Padilla should not be applied retroactively to judgments that became final before Padilla was decided (see 115 AD3d 684, 685 [2d Dept 2014]). The Appellate Division's decision therefore was consistent with this Court's subsequent decision in People v Baret (23 NY3d 777 [2014], cert denied 135 S Ct 961 [2015]), decided a few months later.

Nevertheless, the Appellate Division reasoned that defendant could benefit from the Padilla rule on his CPL 440.10 motion because "defendant's conviction . . . did not become final until June 14, 2010, the last date on which he would have been permitted to seek leave to file a late notice of appeal" (115 AD3d at 685). The court cited CPL 460.30 (1), as well as its prior decision in People v Andrews (108 AD3d 727 [2d Dept 2013], lv denied 22 NY3d 1038 [2013], reconsideration denied 23 NY3d 1018 [2014]) (see 115 AD3d at 685).

In Andrews, the Appellate Division noted that the defendant in that case could not benefit from Padilla because "his conviction became final, at the latest, on October 5, 2009, the last date on which he would have been permitted to seek leave to file a late notice of appeal" (Andrews, 108 AD3d at 728 [emphasis added]).  Thus, in Andrews, the Appellate Division did not conclusively decide the issue of finality where a defendant does not take a direct appeal.  This Court did not sanction Andrews's inconclusive statement (see generally People v Rodriguez, 91 NY2d 912, 912 [1998]).  In this case, by contrast, the Appellate Division decided the issue of finality where the defendant does not take a direct appeal by applying the CPL 460.30 (1) grace period (see 115 AD3d at 685).  The court held that because the judgment did not become final until after Padilla was decided on March 31, 2010, defendant could raise a Padilla claim on his CPL 440.10 motion (see 115 AD3d at 685-686).  The Appellate Division remitted the matter to Supreme Court for an evidentiary hearing on defendant's motion (see id. at 686-687).

A Judge of this Court granted the People leave to appeal (23 NY3d 1068 [2014]).  We now reverse.

II.

Initially, we note that there are certain questions of law that are not at issue on this appeal.  First, the retroactive application of Padilla is not at issue.  As noted above, in

Chaidez, the United States Supreme Court held that Padilla announced a new rule and that pursuant to federal retroactivity principles, that new rule would not apply to convictions that became final before Padilla was decided (see Chaidez, 133 S Ct at 1113). Last year, in Baret, this Court rejected the defendant's contentions that we should interpret Padilla more broadly than the Supreme Court did in Chaidez, or that Padilla should be applied retroactively pursuant to state retroactivity principles (see Baret, 23 NY3d at 795-800). We therefore held that Padilla would not be applied retroactively in state postconviction collateral review proceedings to judgments that became final before Padilla was decided (see id. at 782-783).

Second, for purposes of assessing whether a new rule of federal constitutional criminal procedure applies on collateral review, the date of finality of a judgment where a defendant does take a direct appeal is not at issue here. When a defendant takes a direct appeal, the judgment becomes final for federal collateral review purposes when the defendant's applications for discretionary review from higher appellate courts have been denied, or the time for seeking such discretionary appellate review has expired (see Gonzalez v Thaler, 132 S Ct 641, 653-654 [2012]; Clay v United States, 537 US 522, 527 [2003]; Griffith v Kentucky, 479 US 314, 321 n 6 [1987]). This Court has applied that rule of finality where the defendant takes a direct appeal (see Policano v Herbert, 7 NY3d 588, 593 [2006]; People v Pepper,

53 NY2d 213, 221-222 [1981], <u>cert denied</u> 454 US 967 [1981], <u>cert denied sub nom.</u> <u>New York v Utter</u>, 454 US 1162 [1982]).

Here, however, defendant did not take a direct appeal. Thus, the only question of law presented for our review is when a judgment of conviction and sentence becomes final where the defendant does not take a direct appeal, for purposes of determining whether a new rule of federal constitutional criminal procedure will apply in a state postconviction collateral review proceeding.

III.

Relying on the general federal standard of finality (<u>see e.g.</u> <u>Griffith</u>, 479 US at 321 n 6), defendant asserts that the availability of an appeal cannot be truly "exhausted" until one year and 30 days after sentencing, inasmuch as within that time period, he could have asked the Appellate Division to grant him an extension to file a notice of appeal pursuant to CPL 460.30 (1). As defendant acknowledges, however, the United States Court of Appeals for the Second Circuit has specifically rejected the proposition that the one-year grace period of CPL 460.30 (1) extends the date of finality of a judgment for federal habeas corpus purposes.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal habeas corpus petitioner generally must file the petition within one year of the date that a state court judgment becomes final, either "by the conclusion

of direct review or the expiration of the time for seeking such review" (28 USC § 2244 [d] [1] [A]).  In Bethea v Girdich (293 F3d 577 [2d Cir 2002]), the Second Circuit held that the petitioner's motion for an extension of time to file a notice of appeal, which the Appellate Division denied, did not extend the date of finality of the petitioner's judgment and therefore did not "restart" the one-year AEDPA limitations period (see Bethea, 293 F3d at 578-579).  The Second Circuit wrote:

> "As we stated in holding that state-court applications for collateral relief do not 'restart' the AEDPA limitations period, '[i]f the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court,' thus defeating the goal of the AEDPA to prevent undue delays in federal habeas review.  This reasoning applies at least as strongly to motions to extend the time to appeal, which 'can be sought at any time, even many years after conviction.' Accordingly, we hold that the filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period" (Bethea, 293 F3d at 578-579 [citations omitted]).

The Second Circuit therefore concluded that the petitioner's judgment became final 30 days after sentencing, "when [his] time for filing a notice of appeal from his judgment of conviction expired" pursuant to CPL 460.10 (1) (id. at 578; see also Villegas v Hunt, 2008 WL 4724296, *2, 2008 US Dist LEXIS 86130, *4-5 [WD NY, Oct. 24, 2008, No. 07-CV-6552(VEB)]; McDermott v Rock, 2008 WL 346371, *1-2, 2008 US Dist LEXIS 8781, *3-5 [ND NY,

Feb. 6, 2008, No. 9:07-CV-0932(GLS)(GJD)]).

We agree with defendant and the amici curiae who have submitted a brief in support of his position that <u>Bethea</u> is not dispositive of the question before us (<u>see generally</u> <u>Danforth v Minnesota</u>, 552 US 264, 278-281 [2008]).  Nevertheless, <u>Bethea</u> is instructive.  This Court had an opportunity in <u>Baret</u> to depart from the <u>Teague</u> standard and provide broader retroactive application to the <u>Padilla</u> rule than the Supreme Court provided to that rule in <u>Chaidez</u>.  This Court declined to do so (<u>see</u> <u>Baret</u>, 23 NY3d at 795-800).  If we were to adopt defendant's definition of finality here, we would in practice be providing broader retroactive application to the <u>Padilla</u> rule, by extending the date of finality of judgments beyond the date that the federal courts in New York apply in federal postconviction collateral review proceedings.

More crucial to our analysis, however, is the uncertainty that would result in the finality of judgments if we adopted defendant's definition of finality.  The Appellate Division did not grant defendant an extension to file a notice of appeal pursuant to CPL 460.30 (1) because defendant never sought such relief.  Defendant asks us to extend the date of finality of the judgment by the one-year grace period of CPL 460.30 (1) simply because that grace period exists.  Contrary to defendant's implication, that grace period is not available to any defendant who asks for an extension.

Rather, a defendant seeking to file a late notice of appeal pursuant to CPL 460.30 (1) must demonstrate that he or she was prevented from timely filing a notice of appeal due to the "improper conduct of a public servant or improper conduct, death or disability of the defendant's attorney," or the "inability of the defendant and his attorney to have communicated . . . concerning whether an appeal should be taken" (CPL 460.30 [1] [a], [b]).  Defendant did not make any such showing because he did not request leave from the Appellate Division to file a late notice of appeal pursuant to CPL 460.30 (1).[2]  Defendant's contention, essentially, is that because he <u>could</u> have made a motion for leave to file a late notice of appeal pursuant to CPL 460.30 (1), we should grant him the benefit of that one-year period to extend the date that the judgment became final, without requiring him to demonstrate his entitlement to relief under the statute.

We decline to do so.  Adopting defendant's reasoning would result in uncertainty in the finality of judgments in many procedural situations.  For example, a defendant who takes a

---

[2]     Contrary to the dissent's suggestion (<u>see</u> dissenting op, at 3-4), we express no opinion on the date of finality of a judgment where the defendant makes an unsuccessful CPL 460.30 motion for leave to file a late notice of appeal.  Defendant here made no such motion, and we therefore have no occasion to consider whether the finality of the judgment would be extended by the mere making of a CPL 460.30 motion, or whether the motion must be granted by the Appellate Division to warrant a departure from the rule we set forth here.  To decide that question would amount to an improper advisory opinion.

direct appeal to the Appellate Division but does not seek leave to appeal to this Court in a timely fashion could argue that the judgment was not final until one year and 30 days after the Appellate Division affirmance, inasmuch as the defendant could have sought leave from this Court to file a belated application for discretionary review pursuant to CPL 460.30 (1).  Or, a defendant who has filed a notice of appeal with the Appellate Division but has had the appeal dismissed due to failure to perfect could argue that the judgment is not yet final, inasmuch as the defendant could ask the Appellate Division to vacate the dismissal of the appeal.

Indeed, if we adopt defendant's logic, other defendants who did not take a direct appeal conceivably could argue that their judgments were never final, inasmuch as they could seek to file a late notice of appeal even after the one-year grace period of CPL 460.30 has expired by moving for a writ of error coram nobis (see generally People v Syville, 15 NY3d 391, 397-401 [2010]).  A motion for coram nobis relief in that context has no time limitation, and the relief granted is precisely the same as the relief granted on a successful CPL 460.30 application: the defendant is allowed to file a late notice of appeal and take a direct appeal to the Appellate Division (see id. at 402).  Although a defendant seeking leave to file a late notice of appeal by way of a writ of error coram nobis generally must satisfy a higher evidentiary burden than a

defendant seeking CPL 460.30 relief (see People v Andrews, 23 NY3d 605, 611 [2014], rearg denied 24 NY3d 937 [2014], citing Syville, 15 NY3d at 400 n 2), under defendant's reasoning here, a defendant seeking coram nobis relief would not be required to demonstrate entitlement to that relief in order to extend the finality of the judgment. Rather, the defendant would be entitled to extend the finality of the judgment simply because coram nobis relief is available, and not because the defendant has demonstrated entitlement to it.

We have recognized society's interest in the finality of judgments as "formidable" (People v Jackson, 78 NY2d 638, 647 [1991]). Defendant's definition of finality would wreak havoc on that formidable interest by requiring any court determining the date of finality of a judgment to analyze what could have happened rather than what did happen. We therefore reject defendant's proposed definition of finality. We hold that where, as here, a defendant does not take a direct appeal from the judgment of conviction and sentence, the judgment becomes final 30 days after sentencing, when the defendant's automatic right to seek direct appellate review of the judgment expires pursuant to CPL 460.10 (1) (a).

Defendant was sentenced on May 14, 2009. Defendant's judgment of conviction and sentence therefore became final before Padilla was decided on March 31, 2010. Supreme Court did not err in holding that defendant's Padilla claim was not cognizable on

his CPL 440.10 motion to vacate the judgment, and the court properly denied defendant's motion without a hearing.

Accordingly, the order of the Appellate Division should be reversed and the order of Supreme Court reinstated.

People v Natanael Sagastumeal Varenga

No. 193

RIVERA, J.(dissenting):

The question presented on this appeal is when does a judgment become final for purposes of a new rule announced during CPL 460.30's one-year grace period for filing a notice of appeal. The majority needlessly addressees a much broader question and concludes that, in the case of a defendant who fails to seek an extension pursuant to 460.30, a judgment is final 30 days from when the defendant was sentenced, pursuant to CPL 460.10 (1) (a). I dissent, and rather than rely on federal habeas concerns not relevant to the state issues presented in this appeal or unsupported prudential concerns about a potential impact on finality of judgments, I ground my analysis on the unique facts of this case and the need for a legally sound and fair approach to the predicament faced by defendants when a new rule is issued after sentencing but before the time under 460.30 expires.

Defendant was sentenced upon his guilty plea on May 14, 2009, and under CPL 460.30 had until June 14, 2010, to seek leave to file a notice of appeal. Approximately ten weeks before the end of this one-year period, the United States Supreme Court issued its decision in Padilla v Kentucky (559 US 356 [2010]), holding that defense counsel must inform their client of the

- 1 -

immigration consequences of a guilty plea.  Defendant filed a motion pursuant to CPL 440.10, seeking to vacate his judgment on the grounds that his attorney failed to advise him of the adverse immigration consequences of his plea.  The Appellate Division concluded that defendant's 440.10 motion was timely filed because the new rule announced in Padilla was decided before defendant's judgment became final on June 14, 2010, the last day for defendant to file a notice of appeal under CPL 460.30.

The majority reverses, relying, in part, on Bethea v Girdich (293 F3d 577 [2d Cir 2002]).  However, as the majority acknowledges, Bethea is not dispositive (majority op, at 9), but I would add that it is also not persuasive or, as the majority concludes, "instructive."  The Second Circuit in Bethea sought to minimize undue delays in federal habeas review by avoiding what it considered to be a state prisoner's ability to extend or manipulate the deadline for federal habeas by filing applications for collateral relief.  Therefore, the court refused to restart the Anti-Terrorism and Effective Death Penalty Act limitations period anew with the filing of a motion to extend the time to appeal or to file a late notice of appeal (Bethea, 293 F3d at 578-579).  The concerns cited by the Second Circuit in Bethea are of no moment where the defendant's claim is one that results from a new rule issued after the initial 30 days have passed from his sentencing.  Here, there is no attempt by defendant to manipulate the system.  Rather, defendant seeks judicial review of a legally

cognizable claim, fully available to a defendant whose conviction was not final before Padilla was decided.

Turning the focus to this limited class of defendants whose claims arise after the expiration of the initial 30 days for filing a notice of appeal as of right, the majority's approach results in an illogical distinction between similarly situated defendants, and potentially shields illegal convictions from meritorious claims by foreclosing avenues of collateral and habeas review.[1]

By way of example, compare the situation where two defendants sentenced on the same day, in accordance with their guilty pleas, do not file a notice of appeal within the 30-day period provided for in CPL 460.10. Ten months later, our Court pronounces a new rule, which ostensibly provides an appellate issue for both defendants. One defendant files a motion for an extension under CPL 460.30, which the Appellate Division denies, and defendant does not seek review from our Court, or alternatively we deny the leave to appeal. The other defendant does not seek an extension. Under the majority's holding, the defendant who unsuccessfully filed for an extension has a viable argument that the judgment is final when this Court denies leave,

---

[1] Notwithstanding the majority's statements to the contrary, my disagreements are based on the ineluctable conclusions to be drawn from the majority's analysis, and not on what the majority claims it did not decide (see majority op, at 11 n 2).

or when the time for discretionary review of the denial of the 460.10 motion has expired. In contrast, the judgment of the defendant who did not file for an extension is final 30 days after sentencing--months before the appellate claim was viable. Yet, these two defendants are similar in all respects: both failed to file a notice of appeal within the 30 days provided for in CPL 460.10 (1) (a), neither one had been granted an extension to file a late notice of appeal, nor will they have an opportunity to challenge their judgments on direct appeal. Nevertheless, only the defendant who files an unsuccessful motion under 460.30 (1) may seek collateral relief from the judgment. There is no logical reason for such distinction.

Or consider the example where we announce a new rule on the last day of the one-year extension period. Even the most diligent defendant, including one not incarcerated, is unlikely to seek leave to appeal before the 460.30 time period runs out. A rule foreclosing such a defendant from an opportunity to collaterally challenge the judgment of conviction and sentence is unjustifiably harsh and unfair, and does nothing to further the goals of our state laws (see e.g. People v Syville, 15 NY3d 391, 399-340 [2010] [discussing the purpose of CPL 460.30]).

The majority's "more crucial" basis for its holding is what it considers to be "the uncertainty that would result in the finality of judgments if [the court] adopted defendant's definition of finality" (majority op, at 10). However, the

majority's prudential concerns regarding the finality of appeals are unjustified.  The fact is that CPL 460.30 has a defined one-year deadline (see Syville, 15 NY3d at 340 [describing the deadline as a "a significant restriction"]).  Furthermore, defendants already have at their disposal statutory and common law mechanisms to challenge a judgment, years after the time to appeal has expired (see CPL 440.10, 460.30; Syville, 15 NY3d at 400 [granting coram nobis relief]).  These statutes evince the legislative interest in ensuring that judgments are reviewed for error.  Therefore, I see no reason to interpret CPL 460.30 narrowly to limit the application of CPL 440.10, thereby foreclosing consideration of a claim where the defendant has not even had the benefit of appellate review of the judgment.  Moreover, as the above examples illustrate, the finality of the judgments are uncertain until at least the expiration of the one-year extension period, because until that time the People cannot know if a defendant will choose to seek leave to appeal pursuant to CPL 460.30 (1).  Finality under our criminal justice system is no more certain under the majority's analysis.[2]

---

[2]We should also not turn a blind eye to the fact that, within the Appellate Division, the Departments grant extensions under this provision at different rates, and that, as a result, the majority's holding unfairly penalizes defendants based on differences beyond their control.  See Joanne Marci, Missed Deadlines for Filing a Notice of Appeal: Criminal Procedure Law § 460.30 to the Rescue (2009), available at http://www.nysda.org/docs/PDFs/09Missed%20 Deadlines%20for%20Filing%20a%20Notice%20of%20Appeal%20CPL%20sec%2 0460.30%20to%20the%20Rescue.pdf (accessed Dec. 9, 2015).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order of the Appellate Division reversed and order of Supreme
Court, Suffolk County, reinstated.  Opinion by Judge Fahey.
Judges Pigott, Abdus-Salaam and Stein concur.  Judge Rivera
dissents in an opinion in which Chief Judge Lippman concurs.


Decided December 17, 2015

Here, the Second Department rendered its decision on
defendant's case fully aware of its practice regarding motions
under 460.30, and in my opinion there is no compelling legal
basis to reverse in this case.