OPINION OF THE COURT
Fahey, J.
On this appeal, we are asked to decide when a defendant’s judgment of conviction and sentence becomes final for purposes of applying a new rule of federal constitutional criminal procedure, when the defendant does not take a direct appeal to the Appellate Division. Defendant asks us to hold that the judgment did not become final until one year and 30 days after he was sentenced, inasmuch as that was the last day that he could have sought an extension from the Appellate Division to file a late notice of appeal pursuant to CPL 460.30 (1).
The Appellate Division never granted defendant such relief. No motion pursuant to CPL 460.30 (1) for leave to file a late notice of appeal was ever made. Defendant asks us to extend the finality of the judgment by the one-year grace period of CPL 460.30 (1) simply because that grace period is available, *532 and not because he has demonstrated entitlement to its relief. In light of the uncertainty in the finality of judgments that would result if we adopted defendant’s definition of finality, we reject that definition. We hold that where a defendant does not take a timely direct appeal from the judgment, and does not move for leave to file a late notice of appeal pursuant to CPL 460.30 (1), the judgment becomes final 30 days after sentencing, on the last day that a defendant has an inviolable right to file a notice of appeal pursuant to CPL 460.10 (1) (a).
L
Defendant is a native of Honduras who was granted Temporary Protected Status by United States immigration authorities in 1999. In 2008, defendant was charged with assault in the second degree, a class D felony (see Penal Law § 120.05). On March 19, 2009, defendant pleaded guilty to the charge in exchange for a negotiated sentence of five years’ probation. On May 14, 2009, defendant was sentenced as promised. During the sentencing proceeding, defendant was informed on the record of his right to appeal the judgment of conviction and sentence. Defendant nevertheless did not file a notice of appeal.
Defendant subsequently was notified that his Temporary Protected Status would not be renewed due to his felony conviction, and he was placed in removal proceedings. In April 2011, defendant filed a CPL 440.10 motion seeking to vacate the 2009 judgment. Defendant’s primary claim was based on the United States Supreme Court’s 2010 decision in Padilla v Kentucky (559 US 356 [2010]). In Padilla, the Supreme Court held that the Sixth Amendment of the Federal Constitution requires criminal defense counsel to inform a noncitizen client whether his or her guilty plea "carries a risk of deportation” (id. at 374). At the time defendant filed his CPL 440.10 motion, neither the United States Supreme Court nor this Court had determined whether Padilla should be applied retroactively. Defendant therefore asserted in his motion papers that Padilla should apply retroactively.
Supreme Court denied defendant’s CPL 440.10 motion without a hearing. The court concluded that Padilla should not be applied retroactively to judgments such as defendant’s that became final before Padilla was decided.
A Justice of the Appellate Division granted defendant’s application for leave to appeal from Supreme Court’s order (2012 *533 NY Slip Op 68845[U] [2d Dept 2012]; see CPL 460.15). While that appeal was pending, the United States Supreme Court decided Chaidez v United States (568 US —, 133 S Ct 1103 [2013]). In Chaidez, the Supreme Court applied the retroactivity principles set forth in Teague v Lane (489 US 288 [1989], reh denied 490 US 1031 [1989]) and held that Padilla announced a “new rule” that would not be applied retroactively to any conviction that became final before Padilla was decided on March 31, 2010 (see Chaidez, 568 US at —, 133 S Ct at 1113).[1]
After Chaidez was decided, the Appellate Division invited the parties to comment on whether defendant’s 2009 judgment of conviction and sentence became final before or after Padilla was decided. Defendant contended that the judgment did not become final until June 13, 2010, a year and 30 days after he was sentenced on May 14, 2009. Defendant’s reasoning was that because CPL 460.10 (1) (a) granted him 30 days from the imposition of sentence to file a notice of appeal, and CPL 460.30 (1) granted him an additional year to obtain an extension to file a late notice of appeal, he had not exhausted the availability of an appeal until the last date on which he could have filed a notice of appeal. The People responded, as relevant here, that the judgment became final 30 days after sentencing, inasmuch as that was the last date upon which defendant had the automatic right to file a notice of appeal pursuant to CPL 460.10 (1) (a). The People argued that defendant was not entitled to extend the date of finality of the judgment by relying on the one-year grace period of CPL 460.30 (1), inasmuch as defendant never sought an extension to file a late notice of appeal pursuant to that statute.
The Appellate Division rejected defendant’s contention that it should give broader retroactive effect to Padilla than the United States Supreme Court gave to Padilla in Chaidez, and therefore held that Padilla should not be applied retroactively to judgments that became final before Padilla was decided (see 115 AD3d 684, 685 [2d Dept 2014]). The Appellate Division’s decision therefore was consistent with this Court’s subsequent decision in People v Baret (23 NY3d 777 [2014], cert denied 574 US —, 135 S Ct 961 [2015]), decided a few months later.
*534 Nevertheless, the Appellate Division reasoned that defendant could benefit from the Padilla rule on his CPL 440.10 motion because “defendant’s conviction . . . did not become final until June 14, 2010, the last date on which he would have been permitted to seek leave to file a late notice of appeal” (115 AD3d at 685). The Court cited CPL 460.30 (1), as well as its prior decision in People v Andrews (108 AD3d 727 [2d Dept 2013], lv denied 22 NY3d 1038 [2013], denied reconsideration 23 NY3d 1018 [2014]) (see 115 AD3d at 685).
In Andrews, the Appellate Division noted that the defendant in that case could not benefit from Padilla because “his conviction became final, at the latest, on October 5, 2009, the last date on which he would have been permitted to seek leave to file a late notice of appeal” (Andrews, 108 AD3d at 728 [emphasis added]). Thus, in Andrews, the Appellate Division did not conclusively decide the issue of finality where a defendant does not take a direct appeal. This Court did not sanction Andrews’s inconclusive statement {see generally People v Rodriguez, 91 NY2d 912, 912 [1998]). In this case, by contrast, the Appellate Division decided the issue of finality where the defendant does not take a direct appeal by applying the CPL 460.30 (1) grace period (see 115 AD3d at 685). The Court held that because the judgment did not become final until after Padilla was decided on March 31, 2010, defendant could raise a Padilla claim on his CPL 440.10 motion {see 115 AD3d at 685-686). The Appellate Division remitted the matter to Supreme Court for an evidentiary hearing on defendant’s motion (see id. at 686-687).
A Judge of this Court granted the People leave to appeal (23 NY3d 1068 [2014]). We now reverse.
IL
Initially, we note that there are certain questions of law that are not at issue on this appeal. First, the retroactive application of Padilla is not at issue. As noted above, in Chaidez, the United States Supreme Court held that Padilla announced a new rule and that pursuant to federal retroactivity principles, that new rule would not apply to convictions that became final before Padilla was decided (see Chaidez, 568 US at —, 133 S Ct at 1113). Last year, in Baret, this Court rejected the defendant’s contentions that we should interpret Padilla more broadly than the Supreme Court did in Chaidez, or that Padilla should be applied retroactively pursuant to state retroactivity *535 principles (see Baret, 23 NY3d at 795-800). We therefore held that Padilla would not be applied retroactively in state post-conviction collateral review proceedings to judgments that became final before Padilla was decided (see id. at 782-783).
Second, for purposes of assessing whether a new rule of federal constitutional criminal procedure applies on collateral review, the date of finality of a judgment where a defendant does take a direct appeal is not at issue here. When a defendant takes a direct appeal, the judgment becomes final for federal collateral review purposes when the defendant’s applications for discretionary review from higher appellate courts have been denied, or the time for seeking such discretionary appellate review has expired (see Gonzalez v Thaler, 565 US —, —, 132 S Ct 641, 653-654 [2012]; Clay v United States, 537 US 522, 527 [2003]; Griffith v Kentucky, 479 US 314, 321 n 6 [1987]). This Court has applied that rule of finality where the defendant takes a direct appeal (see Policano v Herbert, 7 NY3d 588, 593 [2006]; People v Pepper, 53 NY2d 213, 221-222 [1981], cert denied 454 US 967 [1981], and cert denied sub nom. New York v Utter, 454 US 1162 [1982]).
Here, however, defendant did not take a direct appeal. Thus, the only question of law presented for our review is when a judgment of conviction and sentence becomes final where the defendant does not take a direct appeal, for purposes of determining whether a new rule of federal constitutional criminal procedure will apply in a state postconviction collateral review proceeding.
III.
Relying on the general federal standard of finality (see e.g. Griffith, 479 US at 321 n 6), defendant asserts that the availability of an appeal cannot be truly “exhausted” until one year and 30 days after sentencing, inasmuch as within that time period, he could have asked the Appellate Division to grant him an extension to file a notice of appeal pursuant to CPL 460.30 (1). As defendant acknowledges, however, the United States Court of Appeals for the Second Circuit has specifically rejected the proposition that the one-year grace period of CPL 460.30 (1) extends the date of finality of a judgment for federal habeas corpus purposes.
The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal habeas corpus petitioner generally must file the petition within one year of the date that *536 a state court judgment becomes final, either “by the conclusion of direct review or the expiration of the time for seeking such review” (28 USC § 2244 [d] [1] [A]). In Bethea v Girdich (293 F3d 577 [2d Cir 2002]), the Second Circuit held that the petitioner’s motion for an extension of time to file a notice of appeal, which the Appellate Division denied, did not extend the date of finality of the petitioner’s judgment and therefore did not “restart” the one-year AEDPA limitations period (see Bethea, 293 F3d at 578-579). The Second Circuit wrote:
“As we stated in holding that state-court applications for collateral relief do not ‘restart’ the AEDPA limitations period, ‘[i]f the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court,’ thus defeating the goal of the AEDPA to prevent undue delays in federal habeas review. This reasoning applies at least as strongly to motions to extend the time to appeal, which ‘can be sought at any time, even many years after conviction.’ Accordingly, we hold that the filing of a motion to extend the time to appeal or to file a late notice of appeal does not ‘restart’ the AEDPA limitation period” (Bethea, 293 F3d at 578-579 [citations omitted]).
The Second Circuit therefore concluded that the petitioner’s judgment became final 30 days after sentencing, “when [his] time for filing a notice of appeal from his judgment of conviction expired” pursuant to CPL 460.10 (1) (id. at 578; see also Villegas v Hunt, 2008 WL 4724296, *2, 2008 US Dist LEXIS 86130, *4-5 [WD NY, Oct. 24, 2008, No. 07-CV-6552 (VEB)]; McDermott v Rock, 2008 WL 346371, *1-2, 2008 US Dist LEXIS 8781, *3-5 [ND NY, Feb. 6, 2008, No. 9:07-CV-0932 (GLS) (GJD)]).
We agree with defendant and the amici curiae who have submitted a brief in support of his position that Bethea is not dispositive of the question before us {see generally Danforth v Minnesota, 552 US 264, 278-281 [2008]). Nevertheless, Bethea is instructive. This Court had an opportunity in Baret to depart from the Teague standard and provide broader retroactive application to the Padilla rule than the Supreme Court provided to that rule in Chaidez. This Court declined to do so (see Baret, 23 NY3d at 795-800). If we were to adopt defendant’s definition *537 of finality here, we would in practice be providing broader retroactive application to the Padilla rule, by extending the date of finality of judgments beyond the date that the federal courts in New York apply in federal postconviction collateral review proceedings.
More crucial to our analysis, however, is the uncertainty that would result in the finality of judgments if we adopted defendant’s definition of finality. The Appellate Division did not grant defendant an extension to file a notice of appeal pursuant to CPL 460.30 (1) because defendant never sought such relief. Defendant asks us to extend the date of finality of the judgment by the one-year grace period of CPL 460.30 (1) simply because that grace period exists. Contrary to defendant’s implication, that grace period is not available to any defendant who asks for an extension.
Rather, a defendant seeking to file a late notice of appeal pursuant to CPL 460.30 (1) must demonstrate that he or she was prevented from timely filing a notice of appeal due to the “improper conduct of a public servant or improper conduct, death or disability of the defendant’s attorney,” or the “inability of the defendant and his attorney to have communicated . . . concerning whether an appeal should be taken” (CPL 460.30 [1] [a], [b]). Defendant did not make any such showing because he did not request leave from the Appellate Division to file a late notice of appeal pursuant to CPL 460.30 (l).[2] Defendant’s contention, essentially, is that because he could have made a motion for leave to file a late notice of appeal pursuant to CPL 460.30 (1), we should grant him the benefit of that one-year period to extend the date that the judgment became final, without requiring him to demonstrate his entitlement to relief under the statute.
We decline to do so. Adopting defendant’s reasoning would result in uncertainty in the finality of judgments in many procedural situations. For example, a defendant who takes a direct appeal to the Appellate Division but does not seek leave *538 to appeal to this Court in a timely fashion could argue that the judgment was not final until one year and 30 days after the Appellate Division affirmance, inasmuch as the defendant could have sought leave from this Court to file a belated application for discretionary review pursuant to CPL 460.30 (1). Or, a defendant who has filed a notice of appeal with the Appellate Division but has had the appeal dismissed due to failure to perfect could argue that the judgment is not yet final, inasmuch as the defendant could ask the Appellate Division to vacate the dismissal of the appeal.
Indeed, if we adopt defendant’s logic, other defendants who did not take a direct appeal conceivably could argue that their judgments were never final, inasmuch as they could seek to file a late notice of appeal even after the one-year grace period of CPL 460.30 has expired by moving for a writ of error coram nobis (see generally People v Syville, 15 NY3d 391, 397-401 [2010]). A motion for coram nobis relief in that context has no time limitation, and the relief granted is precisely the same as the relief granted on a successful CPL 460.30 application: the defendant is allowed to file a late notice of appeal and take a direct appeal to the Appellate Division (see id. at 402). Although a defendant seeking leave to file a late notice of appeal by way of a writ of error coram nobis generally must satisfy a higher evidentiary burden than a defendant seeking CPL 460.30 relief (see People v Andrews, 23 NY3d 605, 611 [2014], rearg denied 24 NY3d 937 [2014], citing Syville, 15 NY3d at 400 n 2), under defendant’s reasoning here, a defendant seeking coram nobis relief would not be required to demonstrate entitlement to that relief in order to extend the finality of the judgment. Rather, the defendant would be entitled to extend the finality of the judgment simply because coram nobis relief is available, and not because the defendant has demonstrated entitlement to it.
We have recognized society’s interest in the finality of judgments as “formidable” (People v Jackson, 78 NY2d 638, 647 [1991]). Defendant’s definition of finality would wreak havoc on that formidable interest by requiring any court determining the date of finality of a judgment to analyze what could have happened rather than what did happen. We therefore reject defendant’s proposed definition of finality. We hold that where, as here, a defendant does not take a direct appeal from the judgment of conviction and sentence, the judgment becomes final 30 days after sentencing, when the defendant’s automatic right to seek direct appellate review of the judgment expires pursuant to CPL 460.10 (1) (a).
*539 Defendant was sentenced on May 14, 2009. Defendant’s judgment of conviction and sentence therefore became final before Padilla was decided on March 31, 2010. Supreme Court did not err in holding that defendant’s Padilla claim was not cognizable on his CPL 440.10 motion to vacate the judgment, and the court properly denied defendant’s motion without a hearing.
Accordingly, the order of the Appellate Division should be reversed and the order of Supreme Court reinstated.

. Although the Supreme Court discussed the finality of the defendant’s “conviction” in Chaidez, and we discuss here the finality of defendant’s “judgment” due to our own state’s terminology (see CPL 1.20 [15]), we are referring to the same legal principle.

. Contrary to the dissent’s suggestion (see dissenting op at 540-541), we express no opinion on the date of finality of a judgment where the defendant makes an unsuccessful CPL 460.30 motion for leave to file a late notice of appeal. Defendant here made no such motion, and we therefore have no occasion to consider whether the finality of the judgment would be extended by the mere making of a CPL 460.30 motion, or whether the motion must be granted by the Appellate Division to warrant a departure from the rule we set forth here. To decide that question would amount to an improper advisory opinion.