Rivera, J.
(dissenting). The question presented on this appeal is when does a judgment become final for purposes of a new rule announced during CPL 460.30’s one-year grace period for filing a notice of appeal. The majority needlessly addresses a much broader question and concludes that, in the case of a defendant who fails to seek an extension pursuant to 460.30, a judgment is final 30 days from when the defendant was sentenced, pursuant to CPL 460.10 (1) (a). I dissent, and rather than rely on federal habeas concerns not relevant to the state issues presented in this appeal or unsupported prudential concerns about a potential impact on finality of judgments, I ground my analysis on the unique facts of this case and the need for a legally sound and fair approach to the predicament faced by defendants when a new rule is issued after sentencing but before the time under 460.30 expires.
Defendant was sentenced upon his guilty plea on May 14, 2009, and under CPL 460.30 had until June 14, 2010, to seek leave to file a notice of appeal. Approximately 10 weeks before the end of this one-year period, the United States Supreme Court issued its decision in Padilla v Kentucky (559 US 356 [2010]), holding that defense counsel must inform their client of the immigration consequences of a guilty plea. Defendant filed a motion pursuant to CPL 440.10, seeking to vacate his judgment on the grounds that his attorney failed to advise him of the adverse immigration consequences of his plea. The Appellate Division concluded that defendant’s 440.10 motion was timely filed because the new rule announced in Padilla was decided before defendant’s judgment became final on June 14, 2010, the last day for defendant to file a notice of appeal under CPL 460.30.
The majority reverses, relying, in part, on Bethea v Girdich (293 F3d 577 [2d Cir 2002]). However, as the majority acknowledges, Bethea is not dispositive (majority op at 536), but I would add that it is also not persuasive or, as the majority concludes, *540 “instructive.” The Second Circuit in Bethea sought to minimize undue delays in federal habeas review by avoiding what it considered to be a state prisoner’s ability to extend or manipulate the deadline for federal habeas by filing applications for collateral relief. Therefore, the court refused to restart the Antiterrorism and Effective Death Penalty Act limitations period anew with the filing of a motion to extend the time to appeal or to file a late notice of appeal {Bethea, 293 F3d at 578-579). The concerns cited by the Second Circuit in Bethea are of no moment where the defendant’s claim is one that results from a new rule issued after the initial 30 days have passed from his sentencing. Here, there is no attempt by defendant to manipulate the system. Rather, defendant seeks judicial review of a legally cognizable claim, fully available to a defendant whose conviction was not final before Padilla was decided.
Turning the focus to this limited class of defendants whose claims arise after the expiration of the initial 30 days for filing a notice of appeal as of right, the majority’s approach results in an illogical distinction between similarly situated defendants, and potentially shields illegal convictions from meritorious claims by foreclosing avenues of collateral and habeas review.[1]
By way of example, compare the situation where two defendants sentenced on the same day, in accordance with their guilty pleas, do not file a notice of appeal within the 30-day period provided for in CPL 460.10. Ten months later, our Court pronounces a new rule, which ostensibly provides an appellate issue for both defendants. One defendant files a motion for an extension under CPL 460.30, which the Appellate Division denies, and defendant does not seek review from our Court, or alternatively we deny the leave to appeal. The other defendant does not seek an extension. Under the majority’s holding, the defendant who unsuccessfully filed for an extension has a viable argument that the judgment is final when this Court denies leave, or when the time for discretionary review of the denial of the 460.30 motion has expired. In contrast, the judgment of the defendant who did not file for an extension is final 30 days after sentencing — months before the appellate claim was viable. Yet, these two defendants are similar in all respects: both failed to file a notice of appeal within the 30 days provided *541 for in CPL 460.10 (1) (a), neither one had been granted an extension to file a late notice of appeal, nor will they have an opportunity to challenge their judgments on direct appeal. Nevertheless, only the defendant who files an unsuccessful motion under 460.30 (1) may seek collateral relief from the judgment. There is no logical reason for such distinction.
Or consider the example where we announce a new rule on the last day of the one-year extension period. Even the most diligent defendant, including one not incarcerated, is unlikely to seek leave to appeal before the 460.30 time period runs out. A rule foreclosing such a defendant from an opportunity to collaterally challenge the judgment of conviction and sentence is unjustifiably harsh and unfair, and does nothing to further the goals of our state laws (see e.g. People v Syville, 15 NY3d 391, 399-400 [2010] [discussing the purpose of CPL 460.30]).
The majority’s “[m]ore crucial” basis for its holding is what it considers to be “the uncertainty that would result in the finality of judgments if [the Court] adopted defendant’s definition of finality” (majority op at 537). However, the majority’s prudential concerns regarding the finality of appeals are unjustified. The fact is that CPL 460.30 has a defined one-year deadline (see Syville, 15 NY3d at 399 [describing the deadline as “a significant restriction”]). Furthermore, defendants already have at their disposal statutory and common-law mechanisms to challenge a judgment, years after the time to appeal has expired (see CPL 440.10, 460.30; Syville, 15 NY3d at 400-401 [granting coram nobis relief]). These statutes evince the legislative interest in ensuring that judgments are reviewed for error. Therefore, I see no reason to interpret CPL 460.30 narrowly to limit the application of CPL 440.10, thereby foreclosing consideration of a claim where the defendant has not even had the benefit of appellate review of the judgment. Moreover, as the above examples illustrate, the finality of the judgments is uncertain until at least the expiration of the one-year extension period, because until that time the People cannot know if a defendant will choose to seek leave to appeal pursuant to CPL 460.30 (1). Finality under our criminal justice system is no more certain under the majority’s analysis.[2]
*542 Judges Pigott, Abdus-Salaam and Stein concur; Judge Rivera dissents in an opinion in which Chief Judge Lippman concurs.
Order of the Appellate Division reversed and order of Supreme Court, Suffolk County, reinstated.

. Notwithstanding the majority’s statements to the contrary, my disagreements are based on the ineluctable conclusions to be drawn from the majority’s analysis, and not on what the majority claims it did not decide (see majority op at 537 n 2).

. We should also not turn a blind eye to the fact that, within the Appellate Division, the Departments grant extensions under this provision at different rates, and that, as a result, the majority’s holding unfairly penalizes defendants based on differences beyond their control. (See Joanne Macri, *542 Missed Deadlines for Filing a Notice of Appeal: Criminal Procedure Law § 460.30 to the Rescue, New York State Defenders Association Practice Advisory [2009], cached at http://nycourts.gov/reporter/webdocs/ MissingDeadlines.pdf, formerly available at http://www.nysda.org/docs/PDFs/ 09Missed%20Deadlines%20for%20Filing%20a%20Notice%20of%20Appeal %20CPL%20sec%20460.30%20to%20the%20Rescue.pdf [accessed Dec. 9, 2015].)
Here, the Second Department rendered its decision on defendant’s case fully aware of its practice regarding motions under 460.30, and in my opinion there is no compelling legal basis to reverse in this case.