People v Loaiza (2018 NY Slip Op 01201)





People v Loaiza


2018 NY Slip Op 01201


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2004-01285
 (Ind. No. 10710/03)

[*1]The People of the State of New York, respondent,
v
Aldeberto Loaiza, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Tina Grillo, and Anish Patel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County, dated January 7, 2004 (Douglas Wong, J.), convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. By decision and order dated August 10, 2016, this Court remitted the matter to the Supreme Court, Queens County, for further proceedings on the defendant's motion to withdraw his plea of guilty and, thereafter, a report limited to its findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal was held in abeyance in the interim (see People v Loaiza, 142 AD3d 564). The Supreme Court, Queens County, has filed its report.
ORDERED that the judgment is reversed, on the law, the defendant's motion to withdraw his plea of guilty is granted, the plea of guilty is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.
The defendant, a noncitizen, pleaded guilty to criminal possession of a controlled substance in the fourth degree in late 2003, and a judgment of conviction was rendered in January 2004. Although a timely notice of appeal was filed, in early 2005, upon the People's motion, the defendant's appeal was dismissed as abandoned. In 2013, upon the defendant's motion, the dismissal was vacated and the appeal was reinstated.
Under the highly unusual circumstances presented, as the defendant's judgment of conviction is not yet final, he is entitled, on this direct appeal, to assert a claim of ineffective assistance of counsel based on Padilla v Kentucky (559 US 356; see Chaidez v United States, 568 US 342; People v Varenga, 26 NY3d 529).
Moreover, we agree with the defendant's contention that the legal representation he received at the plea proceeding was deficient inasmuch as the plea minutes show that the defendant's counsel, who was aware that the defendant was a noncitizen, advised him only that pleading guilty to a drug felony "may affect his [immigration] status" (emphasis added). Such advice was erroneous given that a felony drug conviction involving cocaine made the defendant's deportation mandatory [*2](see 8 USC § 1227[a][2][B][i]; People v Peque, 22 NY3d 168, 191), and where, as here, the deportation consequence is clear, counsel's duty to give correct advice is equally clear (see Padilla v Kentucky, 559 US at 369; People v Doumbia, 153 AD3d 1139; People v Corporan, 135 AD3d 485).
In order for the defendant to obtain vacatur of his plea of guilty based on a Padilla violation, he must also establish that " there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'" (People v Hernandez, 22 NY3d 972, 975, quoting Hill v Lockhart, 474 US 52, 59). The Supreme Court, in its report, expressed the view that the evidence in the record, as supplemented by the defendant's testimony at the hearing conducted upon remittal, evinced a reasonable probability that the defendant would not have pleaded guilty but for counsel's incorrect advice regarding the immigration consequences of his plea, and would have insisted instead on going to trial. We agree, and discern no reason to disturb the credibility determinations made by the court (see People v Elting, 18 AD3d 770, 771).
Accordingly, we reverse the judgment of conviction, grant the defendant's motion to vacate his plea, and remit the matter to the Supreme Court, Queens County, for further proceedings.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court